BARTH *vs.* BURT.

Although a purchaser, when sued for the price of goods sold, may set up a breach of warranty as a defense by way of recoupment, or counter-claim, yet he is not bound to do so, or be precluded from any claim or action in respect to it.

He may, after the recovery of a judgment against him, for the price of the goods, bring an action against the vendor for breach of warranty.

THIS case came up on exceptions taken at the trial, and there directed by the justice to be heard at the general term in the first instance.

The action was brought to recover for a breach of warranty as to the quality of hogs sold by the defendant to the plaintiff.   The defendant put in issue every allegation of the complaint, but no new matter of defense was interposed by the answer.   At the trial the defendant was permitted to introduce in evidence the record of a judgment in this court in favor

of the defendant, Burt, against Barth, the plaintiff in this action for $300, being the·balance due to Burt on a sale of 160 hogs by him to Barth. This judgment was recovered by default for want of an answer, and the damages were assessed by the clerk of Wyoming county, where the venue was laid. No question was made on behalf of Barth at the trial of the present action, that the recovery of the said judgment was not had for the same hogs as to which the breach of warranty is here alleged, and no objection was made to the admission in evidence of the record of the former judgment.

The plaintiff offered to prove the truth of every allegation contained in his complaint in this action, but the learned justice excluded the evidence and dismissed the complaint, to which ruling the plaintiff duly excepted.

LEONARD, J.   It is insisted on the part of the defendant Burt, in this action, that the recovery of the judgment against Barth, in the former action, is a bar to the present action, and that Barth was required by law to interpose the breach of the alleged warranty as a defense, recoupment or counter-claim in that action, or be precluded from any claim or action in relation to it; that the record of the former recovery estops the defendant in that action (Barth) from controverting that the plaintiff therein (Burt) fully performed his contract; that matter which would have been a defense to a former action can not be made the subject of a subsequent suit.

There is no doubt that Barth might have interposed the breach of warranty as a defense to the action of Burt, as a recoupment or counter-claim, but the question here is, was it necessary for him to do so, or be forever precluded from a recovery for his alleged damages for the breach of warranty ? The examination which I have given to this subject leads me to the conclusion that this inquiry must be answered in the negative.

I will shortly refer to some of the cases most relied on by the learned counsel for the defendant to establish the rule adopted at the trial of this action.

The case of *Davis* v. *Talcott* (12 *N. Y. Rep.* 2 *Kern.* 184) decides that, where the non-performance of an agreement is interposed as a defense to an action, and it so appears from the record, the defendant in that action can not maintain an action subsequently for the breach of the same agreement. That case also decides that where the facts constituting a non-performance of an agreement are set up as a ground for a recoupment or set-off, and it so appears from the judgment record in the former action, parol evidence is inadmissible in a subsequent action, brought by the defendant in the first action, to recover for the non-performance of the same agreement, to establish that the recoupment was withdrawn at the trial in the former action, and the evidence of non-performance confined to resisting are covery in the former action. The record in the former action established by higher evidence a different state of facts from those · proposed to be proved by parol in the second action, and tended also to impeach the verity of the record.

The case of *Morris* v. *Floyd* (5 *Barb.* 130) was decided on the same principle. There it appeared that a mortgagor had been sued on his bond and interposed a defense by plea, but afterwards suffered judgment to be recovered against him by default at the circuit, where an inquest was taken. In a subsequent action to foreclose the mortgage, the mortgagor set up the same defense. The court held the former judgment to be final. "It is enough that he had an opportunity of trying the question, and that the matter has been adjudged against him."

In *Norton* v. *Woods*, (22 *Wend.* 520,) it is decided that where a party neglects to avail himself of his defense at law, he can not afterwards obtain relief in equity on the same facts which he might have set up as a defense at law. That

is all there decided which has any bearing upon the case before us.

The case of *Canfield* v. *Monger*, (12 *John*. 347,) arose in a justice's court, and came before the late supreme court, on *certiorari*. The remark of the court in that case had reference to the statute then in force relating to sets-off in a justice's court, making it necessary for the defendant in an action to plead his set-off, if he had one, or be forever precluded from maintaining an action to recover it. The case has no application here.

In *McAllister* v. *Reab*, (4 *Wend*. 482,) affirmed in the court of errors, (8 *id*. 109,) the judge at the trial excluded evidence offered under a plea of a breach of warranty on the sale of an article for the price of which the plaintiff sought to recover. This was held to be an error. Justice Marcy, delivering the opinion of the court, uses this language, viz: " A second litigation of the same matter should not be tolerated where a fair opportunity can be afforded by the first to do final and complete justice to the parties," &c. This language is cited by the defendant's counsel, and is to be found on his points as authority to sustain the affirmative of the question above propounded. It is appropriate language in a case where the defense has been pleaded, but has no application in the case before us, where no plea or answer was interposed in the former action. These cases are all distinguished from the present.

Other cases are cited by the defendant's counsel, which hold that so far as the subject matter in controversy has been adjudicated upon, the parties are concluded by it. Also, that a judgment of a court of competent jurisdiction is final as to every matter which the parties might have litigated in the cause. A reference to those cases will show that the " matter in controversy" had been put at issue by the pleadings or the situation of the question or proceedings before the court, and that they have no application to a case where the " matter in controversy" was not before the court so as to

entitle the defendant to offer evidence of a matter of recoupment, set-off, or counter-claim. A former judgment is a bar, not to all claims that might have been litigated therein, but only to such claims or matters as might have been litigated under the pleadings and issues as made. (*Burdick* v. *Post*, 12 *Barb.* 168.)

I think it entirely clear, upon authority, that the defendant has the election whether he will set up his claim in answer to the plaintiff's demand, or resort to a cross-action. Such is declared to be the rule by Judge Bronson, in *Batterman* v. *Pierce*, (3 *Hill*, 171.) In that case the warranty was set up as a defense to an action on a promissory note, and the evidence to support it was excluded. The facts of that case are, therefore, not strictly analogous to the one now under consideration, but the dicta of so eminent a jurist is not without force as legal authority.

The New York superior court compelled the defendant to elect between an action which he had previously brought for damages for the breach of a contract, and a claim to recoup in an action against him to recover on a promissory note given for the price of marble sold under the contract in question. (*Fabbricotti* v. *Launitz*, 3 *Sandf.* 743.)

The same court also held that the defendant had the right to elect whether he would recoup or set-off his damages, or bring a separate action. That such had always been the rule, and the code had not effected any change in that respect. (*Halsey* v. *Carter*, 1 *Duer*, 667.) To the same purport is also the case of *Lignot* v. *Redding*, (4 *E. D. Smith*, 285,)—opinion by Ingraham, first judge.

The cases referred to sufficiently show that the right of the plaintiff to recover in this action has not been barred by the recovery in the former action of the defendant.

There must be a new trial, with costs to abide the event.

SUTHERLAND, J. When a defendant, before the code, set up a counter-claim by way of recoupment, he could not have

Barth *v.* Burt.

a balance certified in his favor ; and as there might be cases in which the damages he had sustained by fraud or breach of warranty in the purchase of goods, exceeded the plaintiff's claim for their price, if the courts had denied the defendant the election either to recoup or to bring a cross-action for such damages, the defendant in such case would have been without any remedy for such balance or excess of damages beyond the plaintiff's claim ; for to have allowed the defendant to recoup to the extent of the plaintiff's claim, and then to bring an action for such balance, would have interfered with the decisions holding that parties can not split up their claims.

I do not think, therefore, that the cases referred to, in which it is said that the defendant had his election, either to recoup or bring an action, should be considered as controling on the question in this case.

But prior to the code, under the statutes allowing a set-off, and under the code allowing a counter-claim, the defendant can have judgment for any balance found in his favor ; and yet I find no case holding that under the statutes of set-off the defendant was bound, in an action in a court of record, to plead or give notice of his set-off, or be precluded from bringing an action. In the absence of any such decision, I concur in the conclusion to which Justice Leonard has arrived, in this case. (*See, also, Halsey* v. *Carter,* 1 *Duer,* 667 ; *Welch* v. *Hazelton,* 14 *How. Pr. Rep.* 97.)

The estoppel in *Davis* v. *Talcott,* (12 *N. Y. Rep.* 184,) appears to have been put on the ground that the recovery of the plaintiff in the former action, from the *nature of the agreement upon which that action was brought,* involved the consideration of the claim on which the second action was brought, irrespective of the fact that the claim was set up as a counter-claim in the first action. I do not think this principle of estoppel applicable to the principal case.

Whether a defendant, after properly setting up in his answer a counter-claim, can afterwards, and during the pen-

Scheitlin v. Stone.

dency of the action in which he has set it up, and in which it may be allowed, bring an action on the claim thus set up as a counter-claim, is another question, and one on which I have expressed an opinion in another case, decided at this term.

There should be a new trial.

CLERKE, J. concurred.

New trial granted.

[NEW YORK GENERAL TERM, February 1, 1865. *Leonard, Clerke* and *Sutherland*, Justices.]