## A. F. ATEN ET AL.

v.

## JOHN BROWN ET AL.

1. ACTIONS EX CONTRACTU—JOINT RECOVERY.—In an action *ex contractu* against several defendants, the plaintiff must recover against all the defendants or none, except where a defense is interposed personal to the party making it—as infancy, coverture, lunacy, bankruptcy, and the like.

2. PERSONAL DEFENSE.—A defense, in an action on a note, that certain parties who had with others signed the note had been discharged, by arrangement of all parties, from their liability upon the note, and that as this occurred subsequently to the making of the note, it might be shown by way of defense without affecting the liability of their co-defendants, can not be regarded as a "personal" defense.

3. JOINT CONTRACTORS—RELEASE OF SOME—PLEADING.—Ordinarily, where one of several joint contractors is released all are released; but where, by mutual understanding of the parties, some shall be discharged and the others held for another period, the old contract no longer exists, and the liability of the parties should be alleged according to the present effect and condition of the contract.

APPEAL 'from the Circuit Court of Jasper county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed October 10, 1883.

Mr. J. M. HONEY and Mr. D. TREXLER, for appellants; that the court erred in rendering judgment against two when four were sued, cited Davison v. Hill, 1 Bradwell, 72; Griffith v. Furry, 30 Ill. 255; C. & St. L. R. R. Co. v. Easterly, 89 Ill. 158; Felsenthal v. Durand, 86 Ill. 232; Faulk v. Kellums, 54 Ill. 191; Gould v. Sternburg, 69 Ill. 532.

Messrs. GIBSON & JOHNSON, for appellee; that the judgment must be against all or none, *unless a personal defense is established as to one or more of the defendants*, cited Byers v. Bank, 85 Ill. 425; 1 Chitty on Pl. 44.

WALL, P. J.   Brown brought an action of assumpsit against Jourdan, Ross, Aten and Henderson, declaring upon a promissory note made by the defendants jointly. The decla-

ration contained common counts also, but no proof was offered under them, and the case must be considered solely with reference to the cause of action alleged in the special counts.

Pleas were filed by Aten and Henderson jointly, and by Jourdan and Ross jointly, and the case was tried by jury, resulting in a verdict for the plaintiff as to defendants Aten and Henderson, and against the plaintiff as to the defendants Jourdan and Ross.

A motion for a new trial, interposed on behalf of Aten and Henderson, was overruled, and judgment was rendered against them and in favor of plaintiff on the verdict. The defendants Jourdan and Ross were discharged with costs.

On the trial, plaintiff offered in evidence a note of the date and amount described in the declaration, which had been signed originally by G. W. Nichols, D. E. Robuck, and the four defendants, but the names of the defendants Jourdan and Ross had been erased; and plaintiff also offered evidence tending to prove that Nichols was the principal maker and the other signers were his sureties; that he was unable to pay in full when the note came due; that by mutual arrangement the names of Jourdan and Ross were erased for the purpose of discharging them, and that Aten and Henderson, by a written agreement, consented to remain liable on the note another year. After making this proof, the plaintiff was permitted to read this note to the jury, against the objections of Aten and Henderson that it was not the instrument set out in the declaration.

If the plaintiff's theory of the proof was correct, it must be apparent that the instrument offered was not the one declared upon, for the legal effect of the transaction disclosed by the evidence was to cancel the contract originally made, and substitute for it another upon which Nichols and Aten and Henderson only were liable and which was to run another year.

This was not admissible under the declaration and against the parties to the suit as it was then constituted. The plaintiff might have amended his declaration and dismissed his suit as to the defendants Jourdan and Ross by leave of the

court and upon such terms as the court might have prescribed, but this was not done.

It is a well known universal rule that in actions *ex contractu* the plaintiff must recover against all the defendants or none unless where a defense is interposed personal to the party who is making it, as infancy, coverture, lunacy, bankruptcy and the like. It is urged that defendants Jourdan and Ross had a personal defense, to wit, that they had been discharged by arrangement of all parties from their liability upon the note, and that as this occurred subsequently to the making of the note, it might be shown by way of defense as to them without affecting the liability of their co-defendants, Aten and Henderson, against whom judgment might go.

We have been referred to no definition of the term "personal" as here used, but it will be found so far as we have examined the authorities that the expression "such as infancy, bankruptcy, coverture, lunacy and the like" is invariably used to illustrate the nature of the defense thus termed "personal." Briggs v. Adams, 31 Ill. 486; Felsenthal v. Durand, 86 Ill. 232; Byers v. Bank, 85 Ill. 423.

Ordinarily, where one of several joint contractors is released all are released, and it must be apparent that where this is not the case for any reason, and especially for the reason that by mutual understanding of the parties some shall be discharged and the others held for another period, a new contract may be said to exist, or at least the old contract does not exist, and that the liability of the parties should be alleged according to its present effect and condition. It follows that it was not competent to admit under the declaration the proof which was offered against the objection of Aten and Henderson and that in admitting it an error was committed for which the judgment must be reversed and the cause remanded.