# H. F. Cooper
## v.
## McNeil & Higgins Co.

*Actions—Judgments—Parties.*

1.  In actions *ex contractu* the judgment must be against all who are served or who appear.
2.  Where a declaration charges two persons to be jointly liable under a contract, the trial demonstrating the contrary, it is error to render judgment against one of them.

[Opinion filed December 7, 1891.]

In error to the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

An action of assumpsit was begun in the Superior Court of Cook County against H. F. Cooper and W. D. Cooper as co-partners. A writ of attachment in aid being issued, summons was served on W. D. Cooper by the sheriff of Cook County.

Thereafter the sheriff of Kane County returned a summons directed to that county, duly served upon H. F. Cooper; he afterward returned upon a writ of attachment directed to Kane County, that he had received $175.33 from H. F. Cooper to apply on said writ. Also that he had levied on some personal property of H. F. Cooper and returned with said writ a forthcoming bond signed by H. F. Cooper as principal and one P. H. Cooper as surety. W. D. Cooper, who was served in Cook County, filed a plea denying his joint liability. H. F. Cooper filed no plea whatever.

On the 7th of August, 1889, the default of H. F. Cooper was entered. On the 10th of March, 1891, the cause was heard upon the plea filed by W. D. Cooper, and the issue being found in his favor there was judgment upon such finding. Thereupon, for the purpose only of questioning the

jurisdiction of the court over H. F. Cooper, E. A. Eldridge entered an appearance for him.

Thereupon upon the default of H. F. Cooper, theretofore entered, the court assessed the plaintiff's damages against him at $200.62 and entered judgment therefor. From which judgment said H. F. Cooper has appealed.

Messrs. ALSCHULER & MURPHY, for plaintiff in error.

Mr. E. J. WILBER, for defendant in error.

WATERMAN, P. J. The rule that in actions *ex contractu* the judgment must be against all who are served or appear, or none, has always existed in this State. Kimmel v. Shultz, Beecher's Breese, 169; Russell v. Hogan, 1 Scam. 552; Hoxey v. Macoupin County, 2 Scam. 36; McConnell v. Swailes, 2 Scam. 571; Tolman v. Spaulding, 3 Scam. 13; Frink v. Jones, 4 Scam. 170; Wight v. Meredith, 4 Scam. 360; Dow v. Rattle, 12 Ill. 372; Fuller v. Robb, 26 Ill. 246; Gribbin v. Thompson, 28 Ill. 61; Briggs v. Adams, 31 Ill. 486; Faulk v. Kellums, 54 Ill. 188; Kimball & Ward v. Tanner, 63 Ill. 520; Byers v. First Nat. Bank of Vincennes, 85 Ill. 423; Felsenthal v. Durand, 86 Ill. 230; Waugh v. Suter, 3 Ill. App. 271; Goodale v. Cooper, 6 Ill. App. 81; Aten v. Brown, 14 Ill. App. 451; Brown v. Tuttle, 27 Ill. App. 389; Ward v. Stanley, Oct. term, 1891.

Having failed to obtain judgment against W. D. Cooper, none could in that action be rendered against H. F. Cooper. The declaration charged them as jointly liable; the judgment upon the trial established that they were not.

Thereafter in that action it was error to render judgment against the co-defendant.

The judgment of the Superior Court is reversed.

*Judgment reversed.*

Judge GARY took no part in the consideration of this case.