## WARNER v. GEORGE.

### (Circuit Court, D. Oregon. November 3, 1893.)

### No. 1,808.

RES JUDICATA—PLEADING—COUNTERCLAIM.

Where the payee of notes secured by a chattel mortgage on a planing mill and lumber takes possession under the mortgage, works up the lumber, and sells the product, this is matter of defense to a suit on the notes, and is not a proper counterclaim; and if, therefore, the maker fails to set it up in such suit, a judgment against him for the full amount of the notes is conclusive, and constitutes a bar to any subsequent suit by him for an accounting as to the mortgaged property.

In Equity. Bill by James G. Warner against M. C. George, administrator of the estate of James H. B. McFerran, deceased, to enjoin an action at law, and for an accounting. Heard on a plea in bar. Plea sustained.

George H. Williams, for plaintiff.
William M. Gregory, for defendant.

BELLINGER, District Judge. The administrator of James H. B. McFerran brought an action in this court upon a judgment rendered in Colorado in 1883 for $6,593.30, with interest. Thereupon, Warner, the judgment debtor, brought this suit to restrain the action upon the Colorado judgment, and for an accounting. The facts alleged as the ground of suit are these: In 1882 Warner ex-

ecuted and delivered to McFerran two promissory notes, each for $6,750, making a total of $13,500, and at the same time, to secure their payment, gave a chattel mortgage on certain personal property, of the .aggregate value of $21,986.22. On the 10th day of January, 1883, McFerran took possession of the mortgaged property, which included a planing mill and lumber yard, in operation at the time, and he continued the business of the mill; buying and selling other lumber, mingled with that mortgaged. On the 11th day of January, 1883, McFerran brought an action upon one of said notes, and secured the judgment in action in this court. Warner alleges that he made no defense in such action in Colorado because at the time he did not know, and could not ascertain, how much McFerran would realize from the mortgaged property in his possession, and because he hoped that McFerran would use or dispose of such property so as to fully satisfy the judgment sought, and the amount due upon the other of said notes, and would not claim anything more than the property so mortgaged. It is also alleged that, if the proceeds of such property had been accounted for, it would have fully paid the entire indebtedness, and that the same has, in equity, been fully paid.

To this complaint, McFerran's representative files his plea, in which he sets out so much of the laws of Colorado as are applicable to cases like that in which the judgment now sued on was rendered, including the following:

"Sec. 60. The defendant may set forth by answer or cross complaint, as many defenses and counter claims or set offs, as he may have, whether the subject matter of such defenses be such as were heretofore denominated legal or equitable, or both—they shall be separately stated; and the several defenses shall refer to the causes of action which they are intended to answer in a manner by which they may be intelligibly distinguished."

The plea then avers that, in the action in Colorado, the defendant, Warner, filed his answer alleging that he had fully paid the debt sued upon, and later in the case he was allowed to file a supplemental answer, which he did, and in which he alleged that since the filing of his original answer the plaintiff had become indebted to him in the sum of $5,000 on account of common lumber which the plaintiff in that action had secured and sold to the use and benefit of the defendant; in the further sum of $5,000 on account of paints, oils, glass, doors, sashes, and blinds and other building materials, which said defendant had received and sold; and in the still further sum of $5,000 on account of other goods, wares, chattels, merchandise, and moneys had and received as aforesaid. And, in addition to such counterclaims, it was alleged that the plaintiff was indebted to Warner in the sum of $6,000 for planing mill machinery, tools and hardware, belting, and other fixtures belonging to said planing mill machinery, making a total counterclaim of $21,000, for which Warner demanded judgment; that such supplemental answer was stricken out by order of the court; and that thereafter, Warner, by leave of the court, withdrew his original answer. The plea avers that the lumber, paints, oils, and other goods and wares mentioned in said supplemental answer, were the same chattels

described in the bill of complaint herein as having been mortgaged by Warner to McFerran to secure the notes mentioned.

The question to be decided is as to the sufficiency of this plea as a bar to the cause of suit stated in the complaint. The facts relied upon to defeat a recovery upon the Colorado judgment were available to prevent the recovery of that judgment. This is admitted, but the contention is that such facts constituted a counterclaim, and that Warner had the option of setting them up to defeat a recovery in the Colorado action, or of making them the subject of an independent suit. Such a course is open to a defendant in all cases of counterclaim, which is always a separate and independent cause of action. Pom. Rem. § 804. The property mortgaged and delivered to McFerran, as averred in the plea, was, in effect, a payment on the debt secured. From its character and use, there was an implied power of sale in the mortgage. The property consisted of a business in operation, and the stock used in the conduct of that business. The net product of the business, necessarily, went to satisfy the debt. McFerran's obligation was to pay the debt with the proceeds of the property, and account for any residue there might be. Warner could no more maintain an independent suit on account of this property than he could, if, instead of chattels pledged, the property had been money paid to be applied on the debt; and, when he was being proceeded against in the Colorado action, he was as much bound to make the defense of payment by means of the mortgaged property as he would have been if the payment had been in money directly paid. In the latter case, he could with as much reason excuse himself for not making the defense of payment as he attempts to do now, by saying that he hoped McFerran would use or dispose of the property so as to fully satisfy the judgment, and that he would never claim anything more than the property he had received. A defendant who relies on that kind of a hope has no standing in equity to escape the judgment which he might have prevented. As already stated, if he had paid the debt in money, but omitted to make the defense of such payment in the hope that his creditor would apply the money in satisfaction of the judgment, and would never claim anything more, his case would not be different from what it is.

The judgment in question is a finality as to all the matters contained in the bill of complaint, and the plea must therefore be held good.