BROWN v. FIRST NAT. BANK OF NEWTON, KAN.

(Circuit Court of Appeals, Eighth Circuit. August 22, 1904.)

No. 2,058.

1. PRACTICE—SPLITTING CAUSE OF ACTION BARS.

One who avails himself, by action or by defense to an action, of a part of an indivisible claim or cause of action, thereby estops himself from again maintaining an action or defense founded upon it. One may not split his cause of action.

2. RES ADJUDICATA—FAILURE TO INTERPOSE DEFENSES.

Judgment in an action in which the defendant fails to interpose purely defensive matters renders such matters res adjudicata, and estops him from obtaining any relief on account of them.

3. SAME—FAILURE TO INTERPOSE FACTS CONSTITUTING AFFIRMATIVE ACTION.

The failure by a defendant to interpose before judgment facts which constitute both a defense to the action and an affirmative cause of action against the plaintiff does not estop him from enforcing the latter.

4. SAME—DEFENDANT HAS OPTION TO USE SUCH FACTS AS DEFENSE OR AFFIRMATIVE CAUSE.

A defendant who has a claim which constitutes a defense to the action against him and an affirmative cause of action against the plaintiff has the option to use it for defense or for attack, but he cannot do both. If he avails himself of any part of it in defense of the action against him, he is thereby conclusively estopped from subsequently maintaining an action against the plaintiff upon any portion of it, and he loses the excess.

5. COLLATERAL SECURITY—WRONGFUL SURRENDER BY PLEDGEE.

The wrongful surrender by a pledgee, either intentionally or through culpable negligence, of collateral security, furnishes the pledgor with a cause of action against him in tort or upon contract, at his option, for the value of the securities thus surrendered.

6. SAME—DEFENSE BY SURETIES—WRONGFUL SURRENDER BY PLEDGEE.

The wrongful surrender of collateral securities by a creditor, without the knowledge of sureties, for the payment of the debt, discharges them

from liability therefor, either entirely or pro tanto, according to the value of the securities thus surrendered.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Kansas.

William Eugene Brown, for plaintiff in error.

Charles Bucher (C. E. Branine and Ezra Branine, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge. This is an action brought by William E. Brown, the plaintiff in error, against the First National Bank of Newton, Kan., to recover $7,500 alleged damages for the wrongful release of a judgment which Brown had pledged to the bank as collateral security for the payment to it of a note for $3,366.75, made by Brown as principal and Cora E. Brown and T. J. Norton as sureties. The court below instructed the jury to return a verdict for the defendant because in an action on the note, which had been brought by the bank, Brown had recouped or set off so much of the damages which were caused by the release as were necessary to pay and defeat the claim upon the note. The writ of error challenges the judgment upon the verdict rendered pursuant to this instruction.

In the action upon the note for $3,366.75 Brown and his sureties pleaded, and introduced evidence in support of, other defenses besides that based upon the release of the pledged judgment, so that, although the record in the case before us establishes the fact that there was evidence that the jury applied a portion of Brown's claim for damages on account of that release in payment of the note, it fails to disclose what portion of that claim was thus applied. In this state of the record the charge of the court below was based upon the rule of law that one may not split his cause of action; that if, by an action or defense he avails himself of a part of a single claim or obligation, he thereby estops himself from enforcing the remainder of it; and that, as Chief Justice Shaw felicitously expresses it, "he cannot use the same defense first as a shield and then as a sword." O'Connor v. Varney, 10 Gray, 231; Britton v. Turner, 6 N. H. 481, 495, 26 Am. Dec. 713; Batterman v. Pierce, 3 Hill, 171; Machine Co. v. Farmer, 27 Minn. 428, 430, 8 N. W. 141; Bolen Coal Co. v. Brick Co., 52 Kan. 747, 749, 35 Pac. 810; Lucas v. Le Compte, 42 Ill. 303, 305; Sutherland on Damages, §§ 186, 187, 189; Freeman on Judgments, §§ 277, 224; 2 Van Fleet's Former Adjudication, p. 867; Desha's Ex'rs v. Robinson, 17 Ark. 245.

The plaintiff does not dispute this general rule of practice, but he insists that his case is not governed by it, because the release of the judgment constitutes a payment of the note, and he was compelled to present that release as a defense to the action upon the note, or to entirely lose all benefit of it. But was the plaintiff required to set up his claim for damages from the release of the judgment as a defense to

the action upon the note under the penalty of a loss of all remedy upon it? The contract of the bank, the pledgee, was to exercise reasonable diligence to collect the judgment and to apply the proceeds of it to the payment of the note for $3,366.75. The claim of Brown was that, without his consent, and in violation of this agreement, the bank released the judgment which was collectible, without collecting it, to his damage in the sum of $7,500. These facts appear to present an affirmative cause of action for breach of the contract of pledge, which was perfectly available to the plaintiff in an independent action, regardless of the proceeding of the bank upon the note. They undoubtedly constituted a tort and a cause of action for conversion (Colebrooke on Collateral Securities, § 131). But the pledgor had the option to waive the tort, and to sue for breach of the contract. The plaintiff held this cause of action against the bank when the latter brought its action against h..m and his sureties upon his note. His cause of action for breach of the contract of pledge exceeded in amount the sum due upon his note. His claim for damages was not only an affirmative cause of action against the bank, but it also constituted, at his option, a good reason why the bank was not entitled to recover upon the note, a good defense of payment of the note to the action upon it. Brown v. First National Bank, 112 Fed. 901, 904, 50 C. C. A. 602, 605, 56 L. R. A. 876; Colebrooke on Collateral Securities (2d Ed.) § 114. If the facts which conditioned this claim of Brown had constituted a defense to the action upon the note, and nothing more, he would have been required to present them in that action at his peril, and, if he failed to do so, a judgment on the note would have rendered his claim upon them res adjudicata. Inasmuch, however, as they presented an affirmative cause of action against the plaintiff, as well as a good defense of payment to the action of the bank upon the note, the choice was his to interpose them as a defense or to reserve them and maintain an independent action upon them for all the damages which he had sustained. A failure of a defendant in an action to plead or prove facts purely defensive renders such matters res adjudicata after judgment, and conclusively estops him from again presenting them. 1 Van Fleet on Former Adjudication, § 198. But where the facts which establish his defense also constitute an affirmative cause of action against the plaintiff, he has the option to interpose them as a defense, or to reserve them for an independent or cross action. If he refrains from presenting them as a defense, the judgment in the action against him does not bar or adjudicate his affirmative cause of action upon them, and he is free to subsequently maintain it. 1 Freeman on Judgments, §§ 277, 224; 2 Van Fleet on Former Adjudication, § 436; Cook v. Moseley, 13 Wend. 277; 1 Sutherland on Damages, § 187; Batterman v. Pierce, 3 Hill, 171, 174; Britton v. Turner, 6 N. H. 481, 495, 26 Am. Dec. 713; Barth v. Burt, 43 Barb. 628; Mimnaugh v. Partlin, 67 Mich. 391, 34 N. W. 717. The reason for this rule is that the damages resulting from the plaintiff's wrongful act may be indeterminate, or may not have entirely accrued, when he brings his action, and it might be unjust or inequitable to permit him to determine the time when the defendant must present and prove his claim for the damages which he has suffered from the breach of the plaintiff's contract.

The application of this rule of law to the facts of the case in hand seems to strongly indicate that the plaintiff had an indivisible affirmative cause of action against the bank for the wrongful surrender of the judgment, that he elected to use a portion of it in defense to the bank's action upon his note, and that he thereby conclusively estopped himself from maintaining an action for any part of it. The only authority which has been called to our attention which is in any way inconsistent with the conclusion that the plaintiff had an affirmative cause of action against the bank on account of the wrongful release of the pledged judgment, and that he had the option to interpose it as a defense of payment of the note, or to reserve it for an independent action, is the decision in Warner v. George (C. C.) 58 Fed. 435. In that case the Circuit Court for the District of Oregon expressed the opinion that the appropriation of mortgaged personal property by a mortgagee is a payment of the debt secured, as conclusively as the payment of money by the mortgagor to the mortgagee to be applied in satisfaction of it, and that such an appropriation cannot furnish ground for an independent cause of action against the mortgagee. If this was a correct view of the law, there would be no foundation for the independent action now before us to recover the excess of damages which the plaintiff sustained by the release of the pledged judgment, and the judgment below would be right for that reason. But it can hardly be true that the appropriation to his own use or the waste of collateral security by a pledgee furnishes ground for no affirmative remedy to the pledgor. The value of the pledged securities often exceeds the amount of the debt secured, and, if their conversion or loss through culpable negligence by the pledgee leaves the pledgor without other remedy than the plea of payment in defense of an action to enforce the debt, he is practically remediless in every case where the pledgee takes or loses more than the amount of the debt, for in such a case an action to collect the debt would be seldom instituted. Such is not the law. The appropriation to himself or the loss of collateral securities by a pledgee, either intentionally or by culpable negligence, is both a tort and a breach of the contract of pledge, and the pledgor may maintain an independent action, either in tort or upon the contract, at his option, against the pledgee, for the value of the securities of which he is thus deprived. Colebrooke on Collateral Securities, § 131.

In support of his contention that the use of a portion of his demand for damages for the waste of collateral security in support of the defense of payment to the action upon the note does not bar his subsequent action for the remainder of his damages, the plaintiff cites Gardner v. Buckbee, 3 Cow. 120, 127, 15 Am. Dec. 256, Wells, Res Adjudicata and Stare Decisis, § 210, and Clark v. Sammons, 12 Iowa, 368. A careful perusal of these authorities, however, convinces that they do not rule the question here under consideration. They hold only that, where several promissory notes are given for the purchase price of personal property sold with a warranty of character, and the quality of the property is such that the consideration of the notes fails and the warranty is broken, the defeat of an action upon one of the notes by the interposition of the defense of a failure of consideration is

no bar to the defeat of another of the notes, given for the price of the same property, by a like defense. The defense in those cases—lack of consideration—inhered in and ran with each of the notes, so that it was as available to defeat one of the notes as it was to defeat another whenever an action was brought upon either of them. It is not so in the action under consideration. The claim of the plaintiff, Brown, here in no way challenges the consideration, the validity, or the execution of the promissory note upon which the claim of the bank was founded, but it constitutes an affirmative and an independent cause of action, which is founded upon another contract, and which accrued long after the note was made and delivered to the bank. There is nothing in these authorities regarding the defense of failure of the consideration of promissory notes given for the purchase price of property to persuade that the general rule that one who uses a part of an indivisible claim, which constitutes both a defense to an action against him and an affirmative cause of action against the plaintiff, as a defense to defeat the action against him, thereby estops himself from subsequently maintaining an action against the former plaintiff upon any part of it, does not apply to and govern the case which the plaintiff, Brown, here presents. If we consider for a moment the nature of the action upon the note and the rules of law by which it was controlled, the propriety of the application of this rule to the case before us will not be less apparent. That action charged Brown and his sureties, Cora E. Brown and T. J. Norton, as joint obligors on the note. It was an action at law in the United States Circuit Court for the District of Illinois, and under the act which conforms the practice in the national courts in actions at law to that in the courts of the state in which they sit, that action was governed by the rules of practice of the courts of Illinois. Under those rules no judgment could be rendered against any of the defendants in that action which could not be lawfully rendered against all of them. A perfect defense by one defeated the judgment for all. Rosenberg v. Barrett, 2 Ill. App. 386, 390; Aten v. Brown, 14 Ill. App. 451, 453; Goodale v. Cooper, 6 Ill. App. 81; Garland v. Peeney, 1 Ill. App. 108, 112; Davison v. Hill, 1 Ill. App. 70; Davidson v. Bond, 12 Ill. 84; Faulk v. Kellums, 54 Ill. 188, 191; Goit v. Joyce, 61 Ill. 489; Briggs v. Adams, 31 Ill. 486; Cairo & St. Louis R. R. Co. v. Easterly, 89 Ill. 156, 158; Byers v. National Bank of Vincennes, 85 Ill. 423, 425; Felsenthal v. Durand, 86 Ill. 230, 232. There is an exception to this rule where one or more of the defendants has a personal defense, such as infancy, coverture, or bankruptcy. But there was no such defense in the action on the note, and it falls under the general rule.

Again, while the general rule was that, where there are several defendants, claims to be set off against that of the plaintiffs must be in favor of all the defendants and against all the plaintiffs (Hilliard v. Walker, 11 Ill. 644; Coates v. Preston, 105 Ill. 470), there was an acknowledged exception to that rule to the effect that in an action against a principal and his sureties the latter might set off a claim of their principal, in which they had no interest, against the claim of the plaintiffs, not for the purpose of recovering an affirmative judgment against them, but to defend against and defeat their claim to a

judgment against the sureties. Hayes v. Cooper, 14 Ill. App. 490, 497; Himrod v. Baugh, 85 Ill. 435; Waterman v. Clark, 76 Ill. 428, 430. The claim of their principal, Brown, against the bank, for the damages which resulted to him from the breach of the contract of pledge, was therefore a complete defense for the sureties to the action upon the note; a defense of which they could not be deprived by the failure or refusal of Brown to interpose it in his own behalf. Not only this, but the defendants had another and an independent defense to the action upon the note, which arose out of their peculiar relation of suretyship, and out of the release of the judgment by the bank, and which was in no way conditioned by the acts or omissions of their principal. It was that the wrongful release of the pledged judgment by the bank, whether with or without the consent of their principal, absolved them from all liability upon the note to the extent of the value of the judgment thus released, and this value was more than the amount owing upon the note. The wrongful surrender of collateral security by a creditor without the knowledge of sureties for the payment of the debt discharges them from liability therefor entirely or pro tanto, according to the value of the security thus surrendered. Brown v. First National Bank, 112 Fed. 901, 904, 50 C. C. A. 602, 605, 56 L. R. A. 876; Bank v. Colcord, 15 N. H. 119, 41 Am. Dec. 685; Rogers v. School Trustees, 46 Ill. 428; Colebrooke on Collateral Securities (2d Ed.) § 239; Hays v. Ward, 4 Johns. Ch. 123, 130, 8 Am. Dec. 554. The unavoidable deduction from these rules of law and practice is that the interposition by Brown of his claim as a defense of payment in the action upon the note was not only not indispensable to the defense of the sureties, but it was not even necessary to defeat a judgment in that action against Brown himself. The presentation by the sureties of either their defense that they were released by the bank's wrongful surrender of the pledged judgment, or of their defense that they were entitled to set off the claim of their principal against the claim of the bank, must have prevented a judgment against them, and, as no judgment could have been recovered in that action against any of the defendants unless it could have been rendered against all of them, their defense would also have prevented any judgment against Brown, although he had interposed no defense. The result is that Brown was free to exercise his option to interpose the facts which condition the cause of action he is now pressing as the defense of payment in the action upon the note, or to reserve them to sustain an independent action. But he could not do both. If he reserved them, his cause of action for all the damages which he sustained from the release of the judgment would remain unaffected by the judgment upon the note, and intact. If, on the other hand, he interposed them as a defense to the action upon the note, and a part of the damages resulting from the release was applied by the jury to the payment of that debt, he would thereby estop himself from again claiming to recover any portion of them, and would lose the excess. A defendant who has a claim against the plaintiff which is available, at his option, either as a defense or as an affirmative cause of action, estops himself from maintaining an action to recover any part of it, and loses the excess by interposing it as a defense and apply-

ing a part of it to pay or defeat the plaintiff's action. (Authorities cited at the opening of this opinion.) Any other rule would prolong litigation, multiply suits, encourage repeated trials of the same claim, such as the plaintiff seeks to secure in the case at bar, when it is impossible to determine what portion of the claim has been used in the former litigation, and impose an intolerable burden upon suitors. The rule is well established, familiar, and salutary, and the plaintiff, Brown, did not make his election to interpose a portion of his claim as a defense of payment to the action upon the note without notice or unadvisedly. He first pleaded his damages from the release of the pledged judgment in that action in support of a demand for an affirmative judgment against the bank. A demurrer to his pleas was sustained on the ground that the damages he sought to recover exceeded the claim of the bank, and that he did not offer to set them off against its demand. He could not in that action receive an allowance of more than the amount of the plaintiff's demand, because the sureties who were sued with him had no affirmative claim against the bank. Nevertheless he amended his pleas, and offered to set off so much of his claims against the claim of the bank as should be necessary to pay and defeat it. Under this amendment of his pleas he went to trial, and the jury applied an indeterminate part of the claim for damages he now presents to this court in payment of his note, and rendered a verdict in his favor. The judgment upon that verdict renders his claim to recover a portion of the same demand, a part of which he used to defeat that action, res adjudicata, and conclusively estops him from maintaining any action to recover any part of it.

The judgment below is affirmed.