Decatur Fruit Growers Association, Defendant in Error, v. The Kansas City Southern Railway Company, Plaintiff in Error.

## Gen. No. 14,627.

JUDGMENTS—*when may be entered against one joint defendant in action ex contractu.* At common law, if several defendants were joined in an action *ex contractu,* and all were brought before the court by service or appearance, it was absolutely essential to the plaintiff's recovery that he should establish a joint liability; in other words, he must recover against all or none; it was not competent to enter judgment in favor of one defendant and against another. This rule, however, is subject to the exception that where in an action *ex contractu* against two or more defendants one defendant pleads or gives in evidence matter which does not go to the action of the writ, and is a bar to the action as against himself, only, and of which the other could not take advantage, judgment may be rendered for such defendant and against the

rest. In this action the evidence did not bring the case within the exception and no joint liability being established judgment was not allowed against either defendant.

Tort. Error to the Municipal Court of Chicago; the Hon. Stephen A. Foster, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed October 6, 1910.

**Statement by the Court.** The defendant in error here brought an action of the fourth class in the Municipal Court against the Kansas City Southern Railway Company and the Atchison, Topeka and Santa Fe Railway Company of tort for damages through negligence to strawberries, "shipped via the said defendants" from Decatur, Arkansas, to Colorado Springs, Colorado. Both defendants were served with summons and each entered its appearance in writing. Afterwards the plaintiff obtained leave to file an amended statement of claim, changing the action from tort to contract, and filed an amended claim alleging a breach of contract to safely carry strawberries delivered by the plaintiff to the defendants to be carried from Decatur to Colorado Springs. The jury returned a verdict finding the issues in favor of the plaintiff against the Kansas City Southern Railway Company, and finding the issues in favor of the Santa Fe Company, and assessing plaintiff's damages at $500. The court overruled the motion of the Kansas City Company for a new trial, and its motion in arrest of judgment, entered judgment on the verdict for the plaintiff against the Kansas City Company for $500 and costs, and a judgment of *nil capiat* in favor of the Santa Fe Company.

Pam & Hurd, for plaintiff in error.

Charles A. Butler, for defendant in error.

Mr. Justice Baker delivered the opinion of the court.

"At common law, if several defendants were joined in an action *ex contractu,* and all were brought before the court by service or appearance, it was absolutely essential to the plaintiff's recovery that he should establish a joint liability; in

other words, he must recover against all or none; it was not competent to enter a judgment in favor of one defendant and against another." 1 Black on Judgments, sec. 206. This rule has been declared and followed in a very large number of cases in this State. See cases cited in Cooper v. McNeil & Higgins, 43 Ill. App. 350, and 11 Encyc. of Pl. & Prac., 848.

This rule is subject to the exception that where in an action *ex contractu* against two or more defendants one defendant pleads or gives in evidence matter which does not go to the action of the writ, and is a bar to the action as against himself only, and of which the other could not take advantage, judgment may be rendered for such defendant and against the rest. The reason of the distinction is that in the one case a verdict in favor of one defendant falsifies the averment of a joint promise, while such a personal defense does not falsify the averment of an original joint promise, but, admitting it, avoids it by proof of matter subsequent.

The defense that the Santa Fe Company was not jointly liable with the Kansas City Company was not a defense personal to the Santa Fe Company. The other defendant had the right to question the joint liability of the defendants, and if the evidence showed that they were not jointly liable the plaintiff could not recover against the Kansas City Company. The legal effect of plaintiff's statement of its demand in this case is an assertion that the two railroad companies, the defendants, jointly undertook and promised to safely carry the strawberries from Decatur to Colorado Springs. The verdict and judgment in this case is conclusive that the promise was not joint, and the plaintiff was not entitled to recover against either defendant. Pluard v. Gerrity, 146 Ill. App. 224.

The judgment against the Kansas City Railway Company will be reversed and the cause remanded.

*Reversed and remanded.*