## McCRAY v. SAPULPA PETROLEUM CO. et al.

Circuit Court of Appeals, Eighth Circuit. September 16, 1927.

No. 7758.

**Judgment ⬄828(1)—Decree of state court held bar to subsequent suit in federal court.**

Decree of state court *held* bar to subsequent suit in federal court, where the subject-matter involved, the purpose and object of the two suits, and the real parties in interest therein, were the same, and all issues raised in the second could have been pleaded and determined in the first.

Appeal from the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Suit in equity by W. S. McCray against the Sapulpa Petroleum Company and others. From a decree dismissing the bill, complainant appeals. Affirmed.

See, also, 21 F.(2d) 951.

F. E. Riddle, of Tulsa, Okl. (Stuart, Coakley & Doerner, of Tulsa, Okl., on the brief), for appellant.

J. P. O'Meara, of Tulsa, Okl. (M. H. Silverman, of Tulsa, Okl., on the brief), for appellee Sapulpa Petroleum Co.

Before KENYON, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges.

KENYON, Circuit Judge. This appeal is from an order of the United States District Court of the Northern District of Oklahoma, sustaining a motion for judgment dismissing appellant's bill in equity on the pleadings.

This is the fourth attempt by appellant to recoup for alleged losses in his dealings with, and relationship to, appellees Sapulpa Petroleum Company and Cushing Petroleum Corporation.

The facts giving rise to these controversies are complicated, and, as they have been set forth at length and reviewed by the Supreme Court of Oklahoma in the case of McCray v. Sapulpa Petroleum Company et al., 102 Okl. 108, 226 P. 875, and by this court in Sapulpa Petroleum Company et al. v. McCray, 4 F.(2d) 645, we will not burden this opinion with any extended statement thereof. It is sufficient for the purpose of understanding this controversy to say in a general way that B. B. Burnett (now deceased) and B. C. Burnett and their wives, together with appellant, W. S. McCray, owned the entire capital stock of the Sapulpa Petroleum Company, appellant having a one-third interest therein; that in August, 1919, an arrangement was made with appellee Anderson T. Herd to promote a new corporation to be known as the Cushing Petroleum Corporation, which was to acquire the stock and assets of the Sapulpa Petroleum Company. McCray's claim has been that he consented to the arrangement on condition that his interest in the new company would be purchased for cash by the Burnetts. The transfer of the stock of the Sapulpa Company was duly made to the Cushing Corporation. Debenture notes in the amount of approximately $600,000 were issued by the Cushing Corporation, and the stock of the Sapulpa Company pledged as security therefor. Appellant entered into an arrangement for the sale of his stock in the Cushing Corporation to one Kelly. Under some arrangement made by Kelly with appellee Herd, the promoter, and one Del Mas, the stock of the Cushing Corporation, now alleged by McCray to belong to him, was issued to Bates B. Burnett. The arrangement with Kelly failing, Birch C. Burnett entered into negotiations with McCray for settlement of the controversy, and agreed to deliver to McCray two oil leases owned by the Sapulpa Petroleum Company which were known as the Timothy lease and the Cedar lease, and which were in fact the only property of the Sapulpa Company of any value. The Burnetts, not carrying out this arrangement, appellant, McCray, claiming that the contract he had made with Birch C. Burnett to assign to him the two oil leases owned by the Sapulpa Petroleum Company was binding on that company and the Cushing Petroleum Corporation, commenced action in the district court of Creek county, Okl., against the Sapulpa Petroleum Company, Bates B. Burnett, Birch C. Burnett, and A. P. Crawford for specific enforcement of the same. In that case McCray sought to obtain possession of and title to the Timothy and Cedar leases, on the theory that his written contract with Kelly was in fact for the benefit of the Burnetts and Herd, and that the ownership of these two leases was payment for the unpaid part of the purchase price of the stock covered by the Kelly contract. The trial court held that McCray had no interest in these leases, and quieted against him and all persons claiming through him the title of the Sapulpa Petroleum Company to the same. It allowed him $11,352.06 for work and improvements on the property, to be paid out of the moneys arising from the sale of oil from said leases. The Supreme Court of Oklahoma affirmed this decision. McCray v. Sapulpa Petroleum Co. et al., 102 Okl. 108, 226 P. 875. McCray then brought

suit in the United States District Court for the Eastern District of Oklahoma against the Sapulpa Petroleum Company, Bates B. Burnett, B. C. Burnett, Anderson T. Herd, and Cushing Petroleum Corporation, asking a temporary and permanent injunction against their interference with his possession of the two leasehold estates involved in the trial in the state court, and attempted in said action to enjoin the enforcement of the decree of the district court of Creek county, Okl., in the suit there determined. He asked the court to establish and foreclose an equitable lien in his favor upon the two leases and other producing leases of the Sapulpa Petroleum Company. The trial court granted the injunction after a hearing where witnesses were examined and where facts were stipulated. That court apparently, as said by this court in its opinion, "tried the question whether or not the interlocutory injunction should be issued as on a final hearing in equity."

This court, in reversing the action of the trial court, reviewed in extenso the facts upon which the controversy was founded, and held that the Burnetts were not the real parties in interest in the Kelly contract; that there was no condition to the contract, as appellant, McCray, claimed, that the Burnetts should buy his stock in the Cushing Corporation; and that they never agreed to buy from McCray or pay for any of his stock. Upon various grounds the court held that McCray could not recover; the chief one being that there was substantial identity in the two cases, that the action and decision in the state court was res adjudicata as to the matters set forth in the suit in the federal court, and that the judgment in the state court estopped McCray from maintaining said suit. Subsequent to this decision, the case was dismissed in the trial court. McCray then brought action in the district court of Creek county, Okl., as averred in appellees' answer in the present case, and, while the petition in that suit is not attached to appellees' answer, although referred to as Exhibit D, it is pleaded that the matters and things set up in the petition in said case are to all intents and purposes the same as those pleaded in this case, and would require the same evidence to sustain them as to sustain the present bill in equity. This suit was dismissed prior to the commencement of the present action. McCray then commenced this action against appellees.

The complaint is in two counts, but there is little substantial difference in the theories thereof. The general facts as to McCray's ownership of an undivided interest in the assets of the Cushing Petroleum Corporation, and also the matters arising out of the Herd and Kelly contracts are pleaded; also that a general conspiracy, of which Herd, the Burnetts, and O'Meara were parties, existed to deprive McCray of his stock in the Cushing Petroleum Corporation; that, in pursuance of said conspiracy, some of appellees caused the 66,666 preferred certificates of stock in that corporation rightfully belonging to McCray to be issued to Herd and his associates, B. B. Burnett and B. C. Burnett; that debenture bonds were issued by the Cushing Corporation in the sum of approximately $600,000, secured by pledges of the stock of the Sapulpa Company which had been assigned to the Cushing Corporation by its owners, and as a part of said conspiracy that said stock so pledged was sold to appellee Hawes for a small sum, and thereby McCray was deprived of his interest in the assets of the Sapulpa Company; that all the appellees are insolvent. It is asked that the sale to Hawes be decreed to be void, and that, by reason of the conversion of his stock in the Cushing Corporation by certain of appellees, they be held to hold the same in trust, and that he be entitled to impress upon properties of the Sapulpa Company an equitable lien to secure the balance due him by reason of the conversion and resultant trust, and that he have an accounting for the value of his 66,666 preferred shares in the Cushing Corporation as well as his one-third interest in the assets of the Sapulpa Company.

Appellees pleaded in their answer as a bar to this suit the judgment of the district court of Creek county, Okl., in the case of McCray v. Sapulpa Petroleum Company and the Burnetts, which was affirmed by the Supreme Court of Oklahoma, 102 Okl. 108, 226 P. 875. They also pleaded the decision of this court in the case of Sapulpa Petroleum Company et al. v. McCray, 4 F. (2d) 645, as res adjudicata and a bar to the present cause of action. The statute of limitations was also pleaded as a defense.

If the action of the court in dismissing the case was correct, the reasons therefor are unimportant.

We pretermit discussion of other questions raised and pass to the important and controlling one, viz., Was the decision of the trial court (affirmed by the Supreme Court of Oklahoma) in the suit brought in the district court of Creek county, Okl., by McCray against the Sapulpa Company, the Burnetts, and Crawford, a bar to the present suit?

In that suit, McCray attempted to obtain

title, by virtue of an alleged contract made with Birch C. Burnett, to two oil leases owned by the Sapulpa Company known as the Timothy and Cedar leases. The answers filed in that case put in issue the ownership of the leases and the indebtedness of the Sapulpa Company and the Burnetts to McCray. The answers are not in the record in this case, but we assume, as it is not controverted in the reply brief, that the parts of the answer quoted in the brief of appellees are correct. The judgment of the trial court was that the Sapulpa Petroleum Company was the owner of the two leases in question, and its title thereto was quieted against McCray. The question of the indebtedness between McCray and the Sapulpa Company was also settled. The Supreme Court of Oklahoma affirmed that judgment. Certainly this was a determination of the litigation between McCray, the Burnetts and the Sapulpa Company as to the ownership of these leases and the indebtedness of the Sapulpa Company, the Burnetts, and Crawford to McCray. Likewise, in a settlement of these questions, the rights or liabilities as to these parties created by the Herd and Kelly contracts were necessarily involved.

Appellant claims there are different issues involved in this case, such as fraud on the part of McCray's attorney, and collusion and fraud in the sale to Hawes of the stock of the Sapulpa Company pledged by the Cushing Corporation to secure debenture bonds and a general conspiracy to deprive him of his 66,666 shares of stock in the Cushing Corporation. It is also claimed that the parties substantially interested are different, and hence the judgment in the state court cannot be a bar to this proceeding.

It is true that some of the parties in the present suit were not parties in the state suit. That is not, however, controlling or decisive. McCray and the Burnetts were parties there, and are parties here. In addition, the Cushing Petroleum Corporation, Herd, the Virginia Trust Company, and Hawes are now made parties. Of course, the Cushing Petroleum Corporation and the Virginia Trust Company are mere nominal parties. As to some of these appellees, this court said in Sapulpa Petroleum Co. et al. v. McCray, 4 F.(2d) 645, "the Cushing Company has no property of any real value, and Herd is in bankruptcy." In this case appellant pleaded "that said defendants are wholly insolvent."

This entire litigation has been directed to securing control and possession by McCray of the two leases involved in the state case. In the case which the court previously had before it (4 F.[2d] 645), McCray alleged that all the assets of the Sapulpa Petroleum Company and the Cushing Petroleum Corporation had been dissipated, except these two leases. The right to the possession, control, and profits of these two leases was the matter at issue in the case in the state court—likewise in the previous case in the federal court—although other producing leases are there covered by the pleadings. It is the purpose and object of this action. These two leases are the only property of any value of the Sapulpa Company. Referring thereto in the opinion in the former case, this court said:

"But the bill and record before us leave no doubt that the res in this case, the only subject-matter of this case of any real value, was and is the two leases, the possession thereof and proceeds thereof; all other property and interest mentioned in the suit are alleged to be practically valueless, and hence negligible."

The questions now urged 'of fraudulent conspiracy resulting in the appropriation by some of the appellees of McCray's stock in the Cushing Corporation and involving the alleged fraudulent sale to Hawes of the pledged stock of the Sapulpa Company were not issues in the state court. As to this it may be observed that in the former case in the federal court McCray pleaded a fraudulent conspiracy between the Burnetts and Herd to obtain his stock in the Cushing Corporation, and this court said that such matter could and should have been pleaded in the suit in the state court; that there was nothing in the suit in the federal court upon which McCray based claim for relief that could not have been pleaded in that suit. We quote from that opinion:

"So it is that the real parties in interest in the former suit and in this suit are the same or the representatives of the same interests. McCray is the plaintiff in the former suit; McCray is the plaintiff in this suit. The two Burnetts and the receiver of the Sapulpa Company were the defendants in the former suit; the two Burnetts and the Sapulpa Company and its receiver are the defendants in this suit. The subject-matter of the two suits was the same—the two leases, the possession and proceeds thereof. The object sought by the plaintiff in the two suits was the same—the title and possession of that res. The indispensable basis of any recovery by the plaintiff was the same—the Kelly contract, the acts, agreements, sayings, and transactions of McCray and the defendants at the time of, prior, and subsequent to that

contract relating to the stock of McCray in the two companies—and on these, if he ever had any cause of action in either suit, that cause was and is founded. Not only this, but there was no agreement, understanding, fact, or act competent to establish McCray's alleged cause of action for the recovery of this property in the present suit which he could not have pleaded and proved to the same extent in his former suit in the state court. There is substantial identity in the interests represented, in the rights asserted, and in the desiderata sought in the two suits." 4 F.(2d) 650. That case therefore holds that the fraudulent conspiracy there pleaded between the Burnetts and Herd to secure McCray's stock in the Cushing Corporation could have been pleaded in the case in the state court.

While Hawes is not named as a conspirator in the pleadings in the federal case, nor is the sale to him of the Sapulpa Company stock pledged by the Cushing Corporation alleged as a part of the conspiracy, yet the general conspiracy here charged is the same, viz., the attempt to obtain fraudulently McCray's stock in the Cushing Corporation and to deprive McCray of his interest in the property of the Sapulpa Company. The only difference is that the alleged conspiracy in this case is enlarged by the addition of Hawes or O'Meara or both as conspirators, and its field of activity is broadened by setting forth as a feature thereof the action of Hawes in buying the pledged stock of the Sapulpa Company. The cause of action is the same. The conspiracy here being substantially the same as that pleaded in the former case in the federal court, we accept the opinion of this court in that case as entirely persuasive that the conspiracy here charged could have been pleaded and proved in the action in the state court. The decision in the state court as to the Sapulpa Company, the Burnetts, and McCray is conclusive upon McCray as to every question which might have been there presented and determined.

In Sapulpa Petroleum Company et al. v. McCray, supra, this court said: "When a second suit is brought between the same parties and upon the same cause of action as the first, the judgment in the former is conclusive in the latter as to every question and issue which was or might have been presented and determined in the first suit. Harrison v. Remington Paper Co., 140 F. 385, 400, 72 C. C. A. 405, 3 L. R. A. (N. S.) 954, 5 Ann. Cas. 314; Pierce v. National Bank of Commerce (C. C. A.) 268 F. 487, 495. For the reasons which have now been stated, Mr.

McCray's second suit here under consideration is, in our opinion, between the same parties, on the same cause of action, as his former suit in the state court, and the judgment in that suit conclusively estops him from maintaining this suit."

In United Shoe Machinery Corporation et al. v. United States, 258 U. S. 451, 458, 459, 42 S. Ct. 363, 365, 366 (66 L. Ed. 708), the court said: "It is contended that the decree in favor of the defendants affirmed in the former suit of the government under the Sherman Act [15 USCA § 1 et seq.] 247 U. S. 32 [38 S. Ct. 473, 62 L. Ed. 968], between the same parties, is res judicata of the issues in the present case.

"Perhaps the leading case in this court upon the subject of estoppel by former judgment is Cromwell v. County of Sac, 94 U. S. 351, 352 [24 L. Ed. 195], in which this court, speaking by Mr. Justice Field, laid down the general rule of law, which has been followed in subsequent cases: '* * * There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action, * * * concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * *'" See, also, Baltimore Steamship Co. et al. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069 (decided United States Supreme Court May 16, 1927).

If this action can be prosecuted as to the Sapulpa Company and the Burnetts, then, in case of an adverse judgment to McCray here, he can bring another action setting forth practically the identical conspiracy, but enlarging its scope, setting forth the same parties, but adding thereto an omitted conspirator whom he has in the meantime discovered, and so this litigation can proceed ad infinitum. The law is opposed to such splitting of causes of action—such division of grounds of recovery. The language of this court in the former McCray Case with reference to that subject is quite in point, viz.:

"Moreover, even if we are mistaken in this view, nevertheless he had but one ground or cause of action for the recovery of this res, if he had any, and that was the Kelly contract

and the acts, facts, agreements, and transactions surrounding its making and his transfer of his stock under it. In his first suit he pleaded and attempted to prove these facts, agreements, acts, and transactions which he deemed constituted that cause of action. That suit was in equity, and in a suit in equity the complainant is required to plead and prove all his grounds for the relief he seeks; he may not experiment with the court, plead one ground in one suit and another in a subsequent suit, and try his case piecemeal. He could have pleaded, and, if he had proper evidence to sustain his claim, could have proved, in his first suit, every ground he has pleaded for the relief he seeks in this suit. His right of recovery, his cause of action in this suit, was pleadable and provable in his first suit, and he is estopped from successfully pleading and proving it in this case, by his failure to present it in the former case. One who pleads, produces evidence, and submits to judgment or decree on a part of an indivisible cause of action thereby estops himself from again maintaining an action upon it, or any part of it. One may not split his cause of action. Brown v. First National Bank, 132 F. 450, 451, 66 C. C. A. 293; Harrison v. Remington Paper Co., 140 F. 385, 397, 72 C. C. A. 405, 3 L. R. A. (N. S.) 954, 5 Ann. Cas. 314; Warburton v. Trust Co. of America, 182 F. 769, 774, 775, 105 C. C. A. 201." Baltimore Steamship Co. et al. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069 (decided United States Supreme Court May 16, 1927); United States v. California & Oregon Land Co., 192 U. S. 355, 24 S. Ct. 266, 48 L. Ed. 476.

We do not pass on the question of whether the decision of this court in Sapulpa Petroleum Company et al. v. McCray, supra, is res adjudicata of the questions here involved. This court did not enter a final judgment, although it proceeded on the theory that the trial as to the temporary injunction was a trial on the merits, and concluded it had jurisdiction to dismiss the suit, although it refrained from so doing. After its decision, the case was dismissed by the trial court. We do, however, adopt the clear reasoning of the opinion in that case as sound. If the judgment in the case in the state court was a bar to the former proceeding in the federal court, it is a bar to this proceeding.

Further, if the position now assumed by McCray, that by virtue of the fraud and collision he is still the holder of the preferred stock of the Cushing Petroleum Corporation, be assumed to be correct, and he is restored to his position of ownership as to that stock, what would it avail him? As a stockholder of the Cushing Company, he would not have a lien on the leases of the Sapulpa Petroleum Company as against the creditors of that company. The only interest which the Cushing Petroleum Corporation had in the Sapulpa Petroleum Company was through its ownership of the stock of the Sapulpa Company. The Cushing Petroleum Corporation was indebted to the holders of its debenture bonds, and this court held in its former opinion that their rights and interests were superior in law and equity to those of its stockholders. It is not pleaded or claimed that if the creditors of the Sapulpa Company (now in receivership) were paid there would be any assets remaining or any value to its stock. In the former case, McCray alleged that the assets of the Sapulpa Company and the Cushing Corporation had been dissipated, except the two leases in controversy. He alleges now that all the appellees in this case are insolvent. This court said in the former case that the Cushing Corporation had no property of any real value, and that Herd was in bankruptcy. It is apparent, therefore, from the record in the various cases, that the stock of the Cushing Corporation is of no value, and, if McCray were merely restored to his former position as owner of the shares of stock claimed by him in that corporation, he would achieve a barren victory. If the sale of the stock of the Sapulpa Petroleum Company pledged by the Cushing Petroleum Corporation were set aside as void, the stock would still be pledged to secure the $600,000 of debenture bonds of the Cushing Petroleum Corporation. The two leases as pleaded by McCray in the federal court are the only property of the Sapulpa Petroleum Company of any value, and they at the time of bringing that case were alleged by him to be worth, including all proceeds therefrom, not to exceed $60,000 or $70,000. Therefore, as a practical matter, it is apparent that, unless McCray achieves his object of establishing an equitable lien or mortgage superior to others upon the two leases of the Sapulpa Petroleum Company which were in litigation in the first case, he would achieve nothing by a decree reinstating him as a stockholder in the Cushing Company. His prayer for relief recognizes that adequate relief would not be afforded him without the establishment of the equitable lien claimed.

While it is apparent that it would be a useless thing for equity, without establishing an equitable lien as to the stock and assets of the Sapulpa Company, merely to restore

McCray to ownership of the 66,666 shares of the Cushing Petroleum Corporation of which he claims to have been defrauded, we do not base our decision on that ground, but hold that the decision and judgment in the case brought by McCray in the district court of Creek county, Okl., against Sapulpa Petroleum Company and the Burnetts, is a bar to his prosecution of the present case, inasmuch as the issues and questions here presented could have been pleaded and decided in that case. In the former case this court said: "We are strongly of the opinion that Mr. McCray cannot ultimately recover either at law or in equity in this case, and that this litigation ought to cease." 4 F.(2d) 645. This language may with propriety be reiterated here.

The judgment of the trial court is affirmed.