### PIRIE et al. v. HARKNESS.

1. Section 5109, Comp. Laws, provides that "mutual final judgments may be set off *pro tanto*, the one against the other, by the court, upon application and notice."

2. Section 470, Comp. Laws, provides that an attorney has a lien upon. "money due his client in·the hands of the adverse party ·* * * in·

an action or a proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to· such adverse party," etc.

3. Under these statutes, both the right to set off and the right to attorney's lien are dormant until actively asserted; and proceedings regularly initiated, though not concluded, in court, to set off mutual final judgments, will not be affected by a subsequent notice by the attorney of his claim for lien.

4. In a proceeding for a set-off of mutual judgments a judgment will not be protected as. exempt under section 5128, Comp. Laws, providing for "additional exemptions," unless it is plainly claimed as such, and the appropriate steps taken to establish the right of such exemption.

(Syllabus by the Court. Opinion filed June 18,. 1892.)

Appeal from circuit court, Clark county. Hon. J.. O. ANDREWS, Judge.

Application to set off mutual judgments. After notice to respondent his attorney served appellants with. notice that he claimed a lien upon the judgment. The court denied plaintiffs' application except as to the balance of the judgment over and above the amount claimed by the attorney. From this order the plaintiffs appeal. Order reversed.

The facts are stated in the opinion.

_Hassell & Myers_, for appellants.

In case of mutual judgments an attorney's lien upon the smaller judgment will not attach to· defeat the right of set-off in the creditor of the larger judgment. Section 470, Comp. Laws; Benjamin v. Benjamin, 17 Conn. 110; Watson v. Smith, 63 Iowa, 228; Tiffany v. Stewart, 60 Iowa, 207; Turner v. Crawford, 14 Kan. 499; Levy v. Steinback, 43 Md. 212; Davidson v. Alfaro, 16 Hun, 353; Wright v. Duffield, 2 Baxter, 218; Wright v. Treadwell, 14 Tex. 255; Fairbanks v. Devereaux, 58 Vt. 359; Bosworth v. Tallman, 66 Wis. 533; 1 Am. Ency. of Law, 974, and 13 _Id._ 620; Bank v. Eyre, 8 Fed. 733. The right of set-off, before notice of lien is given, is superior. Hurst v. Sheets, 21 Iowa, 501; Myers v. McHugh, 16 Iowa, 335; Caesar v. Sargent, 17 Iowa, 317; Fisher v. Oskaloosa, 28 Iowa, 381; Phillips v. German, 43 Iowa, 101; Cross v. Ackley, 40 Iowa, 493; Smith v. Railroad, 56 Iowa, 720; Brainard v. Elwood, 53 Iowa, 30.

*S. B. Van Buskirk*, for respondent.

The right to offset one judgment against another is purely equitable, and an attorney's claim for services in securing the judgment should not yield to adverse claims. Pruett v. Bland, 86 Ind. 72; Summons v. Ried, 9 N. E. 1858; Kinney v. Robinson, 29 N. W. 86; Wells v. Elsan, 40 Mich. 22; Rooney v. Railroad, 18 N. Y. 368; Ely v. Cook, 28 N. Y. 365; Perry v. Chester, 53 N. Y. 24; Zogbaum v. Parker, 55 N. Y. 120; Dunkin v. Vanderberg, 1 Page, Ch. 622; Ward v. Watson, 44 N. Y. 27; Boyer v. Clark, 3 Neb. 161; Ennis v. Corey, 22 Hun, 584; Hobson v. Watson, 56 Am. Dec. 632; Warfield v. Campbell, 82 Am. Dec. 724; Naylar v. Lane, 66 How. Pr. 400. The lien of the attorney in an assigned judgment is superior to the right of set-off as to judgments between the parties, even though the one to be set off was recorded first. Tierney v. Wilson, 16 Vt. 282; Shapley v. Bellowe, 4 N. H. 347; Furnisch v. Bone, 1 Hun, 532; Prunty v. Swift, 10 *Id*. 232; Davidson v. Alfaro, 80 N. Y. 660; Everhardt v. Schuster, 10 Abb. 374; Currier v. Railroad, 37 N. H. 232; Rice v. Garnhardt, 35 Wis. 282; Diehl v. Foster, 37 Ohio St. 473; Remick v. Ludington, 16 W. Va. 373; Brown v. Bigley, 3 Tenn. Ch. 618; Ripley v. Bell, 19 Conn. 53; Stratton v. Hussey, 62 Me. 289; Benjamin v. *Id*., 17 Conn. 53; Cole v. Trant, 2 Caines, 105; Duncan v. Bloostock, 13 Am. Dec. 728; Dewey v. Boyer, 3 John, 347; Gridley v. Garrison, 4 Page, Ch. 647; Johnson v. Ballard, 144 Ind. 770; Harvey v. Ribbes, 14 Abb. Pr. 66.

The judgment on which the attorney's lien attaches in this case is claimed by defendant as exempt and it is exempt. Junker v. Hustis, 16 N. E. 197; Butner v. Bowser, 3 N. E. 889; Thompson, Homesteads and Exemptions, 893.

KELLAM, P. J. This was a motion to set off mutual judgments. Respondent had a judgment against appellants for $122.35. Appellants, having a judgment against respondent for $909.55, applied to the court on motion to have respondent's judgment credited upon or set off *pro tanto* against their judgment against respondent. Appellants gave notice to respondent's attorney of such application on the 19th day of March, 1891. After the service of such notice, but upon the same day, respondent's attorney mailed to appellants in Chicago "notice that he claimed a lien

upon the judgment   *   *   *   for the sum of $65." Upon these facts the court denied the application to set off, except as to the balance of said judgment, over and above the $65, claimed under the attorney's lien, and as to such balance it was allowed. From this order appellants appeal. The case was argued before us as though it necessarily involved the general question of superiority between the attorney's lien and the right to have mutual judgments set off, but we do not think it does. Section 5109, Comp. Laws, provides that "mutual final judgments may be set off *pro tanto*, the one against the other, by the court, upon proper application and notice." Section 470, Comp. Laws, provides that an attorney has a lien upon "money due his client in the hands of the adverse party   *   *   *   in an action or a proceeding in which the attorney claiming the lien was employed, from the time of giving notice in writing to such adverse party," etc. Now, both of these rights exist under the statute, but each is a dormant right until asserted. Neither judgment holder may ever ask the court for a set-off, and the attorney may never take any steps to claim or perfect his lien. Both rights are simply possible, abstract rights, until asserted, and thus made active and operative. The attorney's lien attaches and becomes an active instead of a potential right, "from the time of giving notice in writing to the adverse party;" but before this was done in this case appellants had openly asserted and begun to exercise their right to have these judgments set off, by giving notice of such application to the court, as provided by statute. The attorney claiming the lien knew of this, for the notice was served upon him. When this notice was given, and appellants' right to set-off was so acted upon, the attorney's claim for lien was still only a possibility,—an inchoate right. He had not yet done the very thing which, under the statute, was required to make it an operative lien, and did not do it, nor attempt to do it, until another and adverse right had attached, a right which the subsequent notice did not displace. We think appellants' right to have these judgments set off *pro tanto* attached and became operative before the notice was given, which under the statute would fix the commencement of the attorney's lien, and being prior in point of time was prior in point of right.

Respondent, however, contends that the court might properly have refused to make any set-off in the case, because the judgment of respondent against appellants was exempt, and for that reason could not be set off against respondent's will. It is stated in the abstract that, in opposition to the motion to set off, affidavits were read, by which it appeared that respondent "had no property with which to pay the attorney fees due his attorney; that he had no property, except an 80-acre homestead, and about $189 worth of personal property;" but there is nothing to indicate that such fact was stated as a basis for an exemption claim, or that respondent claimed or desired to claim the judgment as exempt, or opposed the set-off on that account, or took any steps to have it so protected. The judgment was not absolutely exempt, but under the facts stated, might be claimed and made exempt as an additional exemption; but to do this something was required of the respondent. The statute provides how the execution debtor may avail himself of the right to additional exemptions. It says they "must be chosen and appraised as hereinafter provided." Section 5128, Comp. Laws. It is not claimed that any statutory steps were taken to establish the exemption. In every case cited by respondent in support of the claim that the judgment ought not to have been set off at all, because exempt, such judgment was claimed as exempt, and it was shown that the provisions of the statute had been pursued to establish such exemption. So far as shown by the record in this case, the question of exemption was never presented to nor passed upon by the court below. While it might not have been necessary for the respondent, in order to protect his judgment as exempt, to pursue the precise steps pointed out by the statute in case of the levy of an execution, we think it was required of him to at least do some act to signify his intention to claim the judgment as exempt, and to inform the court of the facts upon which he based such claim. In the absence of any such claim, the court would not, of its own motion, hold the judgment exempt simply because it might appear that respondent had little or no other property. We think the appellants were entitled to have the full amount of the judgment in their favor, and in refusing this application the court below was in error.

The order appealed from is reversed, and the cause remanded for further proceedings in accordance with this opinion. All the judges concur.