## SWEENEY V. BAILEY *et al.*

1. S. recovered judgment against B. and another (as sheriff) for the taking and conversion of personal property. B. was the party interested, the officer only acting under his direction. B. subsequently obtained a joint and several judgment against S. and another on a prommissory note, upon which execution was returned unsatisfied. *Held,* that B. was entitled to have the judgment of S. against him set off, *pro tanto,* against his judgment against S. and another.

2. The right to have mutual judgments set off, and the right to attorneys' liens, are dormant until actively asserted; and, when proceedings for setting off judgments are regularly instituted, they are not defeated by subsequent notice by the attorney of his claim for a lien.

(Syllabus by the Court. Opinion filed Aug. 31, 1895.)

Appeal from circuit court, Pennington county. Hon. WIL-LIAM GARDNER, Judge.

Action in claim and delivery. Judgment for plaintiff. From an order allowing defendant Bailey to set off mutual final judgments, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*James W. Fowler,* for appellant.

Judgments to be set off against each other must be such as are due to and from the same persons in the same capacity. Murray v. Toland, 3 Johns, Chap. 573; Phelps v. Reder, 39 Ill. 173; Holmes v. Robinson, 4 O 90; Francis v. Rand, 7 Conn. 221; Hepburn v. Hoag, 6 Conn. 613; Atkins v. Churchill, 19 Conn. 394; Pierce v. Bent, 69 Me. 381; Horey v. Morrill, 61 N. H. 13; Cowin v. Ward, 35 Cal. 195; New Horen v. Brown, 46 Me. 418; Makepeace v. Coats, 8 Mass. 451. The only exception to the rule that judgment or debt must be mutual is where one or more of the parties are insolvent. Hughes v. Trahern, 64 Ill. 48; Holmes v. Robinson, 4 O. 90; Hobbs v. Duff, 23 Col. 629.

*Sidney J. Parsons,* for respondent.

Proceedings regularly instituted to set off mutual judgments will not be affected by notice of an attorney's lien. Pirie v. Harkness, 3, S. D. 484; 52 N. W. 581; Winslow v. Central, 32 N. W. 330; Horch v. Aultman, 3 S. D. 477; 54 N. W. 269. When the demands of parties have passed into judgment and each is entitled to execution against the other, the judgments are mutual debts without regard to the grounds of action on which the judgments were founded. Waterson Set-off, 334; Shopley v. Belloies, 4 N. H. 347; Hutchins v. Riddle, 12 N. H. 464; Goodenow v. Butterick, 7 Mass. 140; Atkins v. Churchill, 19 Conn. 394; Seligmaunt v. Heller, 69 Wis. 410; Duncan v. Bloomstock, 13 Am. Dec. 728; Chandler v. Drew, 6 N. H. 469; Gridley v. Garrison, 4 Paige, 647; Moody v. Willis, 41 Miss. 347; Rust v. Burk, 57 Tex. 341. If the judgment prayed to be set-off may be enforced at law against the party recovering the judgment to be diminished or satisfied by the set-off, it is suffic-

ient.　22 Am. and Eng. Ency. 452; Simpson v. Hart, 14 Johns. 63; Taylor v. Williams, 14 Wis. 155; Warren v. Wells, 1 Met. 80; Seligman v. Heller Bros. 69 Wis. 410; Green v. Hatch, 12 Mass. 195; Ballenger v. Tarbell, 16 Ia. 491; Braun v. Warren, 43 N. H. 430; Baker v. Hoag, 6 Haen. Pr. 201.　A judgment against several persons founded upon a joint and several liability is a debt from each and where judgments exist against and in favor of any of the parties severally, the demands may be set off against each other.　Graves v. Woodbury, 4 Hill, 281; Russel v. Conway, 11 Cal. 93; Conable v. Bucklin, 2 Ark. 221; Ballinger v. Tarbell, 16 Ia. 491; Baker v. Kinsey, 416 St. 403; Prince v. Fuller, 34 Me. 121.

KELLAM, J.　This is an appeal from an order of the circuit court of Pennington county allowing a set-off of judgments claimed to be mutual.　In an action in claim and delivery, in which Sweeney was plaintiff and Bailey and Boyd (as sheriff) were defendants, plaintiff obtained judgment for $295.70 against defendants.　In an action on a joint and several promissory note, in which Bailey was plaintiff and Sweeney and one Glockner were defendants, plaintiff obtained judgment by default against Sweeney for $1,117, and against Glockner for $1,080.64.　With both of these judgments unpaid, Bailey applied to said court in which the judgments were rendered for an order setting off Sweeney's judgment against him *pro tanto*, against his judgment against Sweeney and Glockner.　This application was made on the 20th day of June, 1894, and notice of the same given to Sweeney and his attorney by an order of the circuit court to show cause on the 17th day of July why the application should not be granted.　On said 17th day of July, and prior to the determination of the order to show cause, James W. Fowler filed a claim for a lien as Sweeney's attorney on the judgment against Bailey and Boyd as sheriff.　Upon the hearing of the order to show cause, the court allowed and ordered the set-off as prayed; and from this order Sweeney appeals, and contends that the judg-

ments were not such as could be set off as mutual judgments, and, further, that it could not be done as against the attorney's claim for lien.

In the first judgment, as between himself and his codefendant, Bailey was the real party in interest; Boyd simply acting as an officer, at the instigation of Bailey in the foreclosure of his chattel mortgage. The judgment went against them, not on account of any irregularity or misconduct on the part of Boyd, the sheriff, but on the ground that Sweeney was entitled to the property. Bailey ought, therefore, equitably, to pay the judgment to Sweeney. The second judgment was in favor of Bailey alone, but against Sweeney and Glockner. It was rendered on a joint and several promissory note, and the judgment was joint and several. Execution might have issued thereon, and been collected from Sweeney alone, leaving him to his right to reimbursement or contribution against Glockner. As between Bailey and Sweeney, the former was entitled to collect the judgment from the latter, and so was entitled to have the judgment against him set off, *pro tanto*, against it. It could make no difference with Glockner how Sweeney paid the judgment, or any part of it. By the set-off, Sweeney simply paid so much of the judgment against him and Glockner, the same as though execution had been levied upon his judgment against Bailey, and that amount realized thereon. We are unable to see how anybody could rightfully complain. It would further seem that such set-off ought, in equity, to be made, as it appears of record that execution on the judgment against Sweeney and Glockner only realized "a small sum" to be applied thereon, leaving the bulk of the judgment unsatisfied. While the power of the court to set off mutual judgments is recognized by statute (section 5109, Comp. Laws), it is to be exercised on equitable principles, and for the purpose of doing right and justice between the parties. 22 Am. and Eng. Enc. Law, p. 446, and cases there cited. The right to have mutual judgments set off, and the right to attorney's lien, are dormant until actively asserted; and when the proceedings for setting off these judgments were regu-

larly instituted, they were not defeated or affected by subsequent notice by the attorney of his claim for lein. The party first asserting and proceeding to enforce his right acquires the prior and superior ˉclaim. Pirie v. Harkness, 3 S. D. 178, 52 N. W. 581; Horch v. Aultman & Taylor Co. 3 S. D. 477, 54 N. W. 269. The order of the circuit court is affirmed.