## C. H. BROWN BANKING COMPANY, Respondent, v. R. L. FINK, Appellant.

### Kansas City Court of Appeals, June 9, 1902.

Bills and Notes: CONSIDERATION: MINING LEASE: FORFEITURE. Defendant -was superintendent of a mine and received notice that the provisions of C's lease were not being complied with, and that unless they were within ten days it would be forfeited. Within the ten days he took C's assignment of the lease and gave his note therefor. *Held*, the lease was a subsisting and valuable right when assigned and sufficient consideration for the note.

### Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*Thurman, Wray & Timmonds* for appellant.

(1) There is no contention in this case that the plaintiff had any greater right in the note sued on
Vol 95 app—17

than G. L. Crenshaw had, who is plaintiff's president, and it is expressly so stated in the reply; neither does the plaintiff seek to affirm the judgment on any technical ground. (2) The defense of failure of consideration will not avail the defendant in this case. The assignment of the leases was a good consideration for the note. Ridenbaugh v. Young, 145 Mo. 274; Brownlow v. Wollard, 66 Mo. App. 636; Ins. Co. v. Landis, 50 Mo. App. 116; Cashion v. Faina et al., 47 Mo. 133; School Dist. v. Lindsay, 47 Mo. App. 134.

*Thomas & Hackney* and *Cole & Burnett* for respondent.

(1) Crenshaw, by his bill of sale, purported to "sell and transfer" to R. L. Fink his one-fourth interest in a certain lease; under that lease at that time, the seller and buyer were each in possession pari passu, of the leased lands. Where a party "sells and transfers" such property to another, warranty of title, free and perfect title, is implied in the party selling. Tiedman on Sales, sec. 186; 1 Taylor, Landlord and Tenant (8 Ed.), p. 302, sec. 232; Robinson v. Rice, 20 Mo. 229; Hickman v. Dill, 39 Mo. App. 246; Thompson, Payne & Co. v. Irwin Allen & Co., 42 Mo. App. 403; Ranney v. Meisenheimer, 61 Mo. App. 434; 2 Benjamin on Sales (6 Ed.), p. 829, sec. 948; Overstreet v. Beasley, 60 Mo. App. 317. (2) The defendant was entitled to plead and prove partial failure of the consideration of the note sued upon. R. S. 1899, sec. 645. If that for which the promise was made proves a nullity, the contract becomes void for failure of consideration. Matheny v. Mason, 73 Mo. 677; Benjamin on Sales (6 Am. Ed.), sec. 77, pp. 94-95; Bishop on Contracts (Enl. Ed.), sec. 71; Murphy v. Jones, 7 Ind. 529; Simpson v. Bartholomew, 54 Iowa 757; Sunderland v. Bell, 39 Kan. 663; 1 Benjamin on Sales, sec. 618, p. 540; Parson on Contracts (7 Ed.), side page 462, bot-

tom page 492. (3) Whether defendant Fink at the time of the sale, or previous to the sale, regarded the landlord's proceedings to forfeit the lease, a "bluff," or not, was wholly immaterial. What the defendant may have thought or supposed does not alter the case. Sauntry v. Dunlap, 12 Wis. 364; Sherman v. Barnard, 19 Barb. 291; Snyder v. Kurtz, 61 Iowa 593.

ELLISON, J.—This action is brought to recover the amount of a promissory note for $525, executed by defendant to one Crenshaw, and by him assigned to plaintiff. The plaintiff prevailed in the trial court.

The principal consideration for the note was the assignment by Crenshaw to defendant of a one-fourth interest in a mining lease of fifteen years in certain lands. The words of the assignment were, "I hereby sell and transfer to R. L. Fink my one-fourth interest in a certain lease, dated," etc. The defendant pleaded failure of consideration except the sum of $25 for some distinct articles of personal property included in the assignment. The ground for the claim of failure of consideration is that it is said the lease was of no avail; worthless, or did not exist, as it was forfeited to the lessors.

There is much said by the respective parties as to whether, in the assignment of the lease to defendant, there was an implied warranty of title; and whether the lease should be regarded as real estate or personal property. The instructions dealt with these questions. But in the view we take of the case, as it is fixed by the undisputed testimony, those questions are of no importance. The facts are these: The lease was for mining lead and zinc ore on certain lands, and contained certain provisions looking to forfeiture in case the lessee failed to do certain work at times and in manner stated. The defendant was, before the assignment to him, Crenshaw's superintendent on the ground.

On May 26 the defendant was notified in writing by the lessors that the provisions of the lease were not being complied with and that unless they were within ten days, the lease would be declared to be forfeited. A few days afterwards the bargain for the assignment of the lease to defendant was made, and on June 5, the written assignment was sent to Crenshaw by defendant for his signature and the former signed and returned it by mail to defendant. On June 7 (the ten days having expired), the lessors notified defendant that the lease was forfeited.

From these facts it appears that the lease was a subsisting and valuable right existing in Crenshaw when he assigned it to defendant. It had not been forfeited; only a notice had been given that unless its provisions as to work were complied with, it would be. In that situation defendant bargained for and took the assignment in question, and gave for it the note in suit. He was the party in charge of the mine as superintendent. He knew the condition of the lease, as he himself had received the notice aforesaid, and with this knowledge he took the assignment. Undoubtedly he bought it as it was. There was no warranty that the forfeiture would not be declared, and in such circumstances none can be implied. The court's first instruction for plaintiff was, to all practical intent, a peremptory direction to find for plaintiff, and as no other result could follow from the evidence, it was right. The judgment will therefore be affirmed. All concur.