THE STATE OF MISSOURI AT THE RELATION AND TO THE USE OF WILLIAM T. SMITH, RESPONDENT, v. JOSEPH G. BOUDREAU, ROBERT A. MAY AND WARREN H. MAY, APPELLANTS.—82 S. W. (2d) 129.

St. Louis Court of Appeals. Opinion filed May 7, 1935.

Respondent's Motion for Rehearing Overruled May 21, 1935.

Writ of Certiorari Denied by Supreme Court July 9, 1935.

*F. D. Wilkins* for respondent.

*Staunton E. Boudreau* and *May & May* for appellants.

964

BECKER, J.—This is an action on an attachment bond given in the case of Joseph G. Boudreau against Riley Brown, a suit on an account with attachment in aid thereof.

On May 20, 1929, the sheriff, under the attachment writ, seized some oak dimension lumber, some railroad ties, a steam engine and some sawmill machinery, as the alleged property of the said defendant Riley Brown. A week or ten days after the levy the court authorized the sheriff to sell the attached property and ordered the proceeds of such sale to be paid into court the first day of the next regular term. On July 8, 1929, the Automobile Discount Corporation filed an interpleader in the case, as did also one William T. Smith. In October, 1930, the interplea of the said William T. Smith was heard to a jury, resulting in a verdict which found "the issues in favor of the interpleader, and we award him the following described property, to-wit: 11,611 feet of lumber, 400 railroad ties," and judgment was entered that the interpleader "have and recover of the plaintiff said lumber and ties as found by the jury, together with costs." The plaintiff Boudreau took an appeal, resulting in an affirmance of the judgment. [See Brown v. Boudreau, 39 S. W. (2d) 455.]

Thereafter, on August 10, 1931, said William T. Smith filed his action against the principal and the sureties on the attachment bond given in the original suit supra. The petition is conventional and alleges as breaches of said attachment bond sued on that Boudreau

failed to return to him the specific personal property awarded to him as the successful interpleader in the attachment suit of the alleged reasonable value of $533.50; that Boudreau failed to pay him the reasonable expenses incurred by him in traveling expenses, hotel bill, loss of time in attending court at two trials of the interpleader suit in the circuit court, amounting to $25; a reasonable charge for legal services required in the trial of his interplea and attachment suit in the circuit court and in this court on appeal, alleged as amounting to $250; and $8.69 for printing an additional abstract in the interpleader suit on appeal here, the total alleged damages aggregating $865, which equals the full penalty in the bond.

Defendants' answer was a general denial coupled with a counterclaim. Plaintiff's reply was a general denial.

During the progress of the trial, and over defendants' objection, plaintiff was permitted to file an amended answer to defendants' counterclaim, which set up a plea of *res adjudicata*, estoppel of the judgment rendered in the interpleader suit; that all the matters set up in the counterclaim "were available as proper matters to be litigated and determined, or were actually tried and adjudicated in the attachment suit" and finally determined adversely to defendants, and therefore defendants are estopped in the instant case from asserting any of the matters set up in defendants' alleged counterclaim. After an unavailing motion for a continuance the defendants filed an amended answer and counterclaim. This counterclaim, on motion of plaintiff, was stricken out.

The counterclaim in substance is to the effect that after the attached property had been sold by the sheriff by order of court, and after the interpleas of the Automobile Discount Corporation and of William T. Smith had been filed in the original attachment suit, the attorney for plaintiff Boudreau in the attachment suit, and the attorney for the interpleader William T. Smith, agreed that the Automobile Discount Corporation's chattel mortgage should be paid off out of the proceeds of the sale of the attached property, and that after paying the expenses incident to such sale, one-half of the balance remaining of the proceeds of such sale should be paid to said interpleader William T. Smith, and the other half to said Boudreau; that relying upon said agreement counsel for Boudreau paid the sum of $220.85 out of the proceeds of the sale of the said attached property to the interpleader, Automobile Discount Corporation, and its chattel mortgage was thereupon discharged and released of record, but that thereafter, instead of Smith complying with the agreement to compromise and settle their respective accounts with each other out of the balance of the proceeds of the sale of the attached property, Smith and his attorney fraudulently refused to comply therewith and continued to prosecute Smith's in-

terplea in the attachment suit and obtained a judgment in his favor thereon in violation of said agreement to compromise their claims as heretofore set out; that this was the first knowledge that Boudreau or his counsel had that Smith and his attorney had fraudulently entered into said agreement with the purpose and design of tricking Boudreau into paying off the Automobile Discount Corporation's mortgage out of the proceeds of said attached property, so that Smith's claim would become a first lien upon the proceeds of the sale, in the event Smith prevailed on his counterclaim and thus lay claim to the full amount of the proceeds of the sale of the attached property and thereby cheat and defraud Boudreau out of the amount paid to pay off said Automobile Discount Corporation's mortgage, and of various items incident to the sale of the chattels, aggregating $267.27. The counterclaim further sets out that defendants have been put to great expense in defending this suit and have been caused to expend large amounts of money thereon "to the reasonable value of $1000." The counterclaim prays for said $267.27, together with $1000 actual and $1000 punitive damages.

Appellants here set up as error the ruling of the trial court in sustaining plaintiff's plea of *res adjudicata* and striking out defendants' counterclaim. The point is well taken.

On the question of *res adjudicata* it is to be noted at the outset that under the provisions of Sec. 1325, Revised Statutes of Missouri 1929 (Mo. St. Ann., sec. 1325, p. 1527), which permits an interplea to be filed in an attachment proceeding, such interplea is held to be analogous to an action for replevin engrafted on the attachment proceeding and is a separate proceeding from the attachment, and one in which the right of property is in issue. [State ex rel. Stevenson v. Amer. Surety Co. (Mo. App.), 74 S. W. (2d) 1094; Green v. Powell (Mo. App.), 46 S. W. (2d) 915; Brownell & Wight Car Co. v. Barnard, 139 Mo. 142, 1. c. 145, 40 S. W. 762; I. Stadden Gro. Co. v. Lusk, 95 Mo. App. 261, 68 S. W. 586; Huiser v. Beck, 55 Mo. App. 668, 1. c. 675.] And it is no longer open to question but that a counterclaim under the first subdivision of our Code, sec. 777, may be filed in such interpleas provided the counterclaim arises on the transaction set forth in the complaint or is connected with the subject of the action, and that such counterclaim may be enforced to the extent of granting affirmative relief to the defendants by judgments in their favor for amounts above the amount found to be due to the plaintiffs. This liberal construction of our statutes in reference to counterclaims has been adopted with a view to settling all controversies in one action if possible. [McCormick Harvesting Mach. Co. v. Hill, 104 Mo. App. 544, 79 S. W. 745, and cases therein cited.]

Now, therefore, with reference to Smith's interplea in the orig-

inal attachment suit, was Boudreau's counterclaim, which he now seeks to set up in the present suit on the attachment bond, of such character as can be held to have arisen out of the contract or transaction set forth as the foundation of Smith's claim of interplea, or to have been connected with the subject of that action so as to make it available as a counterclaim in the interpleader suit under the provisions of Sec. 777, Revised Statutes of Missouri 1929 (Mo. St. Ann., sec. 777, p. 776)? The alleged counterclaim, in our view, arises out of the transaction which was the subject of the action in Smith's interpleader suit, for it is in effect an action for damages arising out of the breach of an alleged compromise of the very action itself and could, therefore, have been pleaded in the interpleader suit.

It is urged, however, that the alleged counterclaim could not have been raised in the interpleader suit since it was not in existence at the time Smith's interpleader was filed. This would not, under the facts in the case, have precluded the counterclaim since the record shows that long before the first trial of the interpleader suit the alleged compromise set up in the counterclaim had been agreed to and the conditions thereof broken by the said interpleader Smith. In this situation the alleged counterclaim was available and could have been set up in the interpleader action since we have ruled that the character of the counterclaim arises under the first subdivision of our counterclaim statute, Sec. 777, Revised Statutes of Missouri 1929 (Mo. St. Ann., Sec. 777, p. 776), which does not require that such cause of action exist at the commencement of the action. Only counterclaims which fall within the second subdivision of Sec. 777, namely, those which arise in actions on contract in which cases any other cause of action ''arising also on contract *and* existing at the commencement of the action,'' may be pleaded by way of counterclaim. Defendant Boudreau could, therefore, have interposed this counterclaim even though it arose after the suit was filed. [Jefflin v. Randolph, 222 Mo. App. 738, 7 S. W. (2d) 444; Andron v. Funk, 194 App. Div. 258, 261, 185 N. Y. S. 139, 1. c. 141; Hyman v. Jockey Club, 9 Colo. App. 299, 48 Pac. 671; Carnett & Allen Paper Co. v. Midland Pub. Co., 156 Mo. App. 187, 1. c. 199, 136 S. W. 736. See, also, Sec. 791, Revised Statutes of Missouri 1929 (Mo. St. Ann., sec. 791, p. 789).]

Concededly Boudreau did not file his alleged counterclaim in the interpleader suit and it is evidence that the learned trial court struck out the counterclaim in Smith's action on the bond in the instant case below on the theory that the matters set up by way of counterclaim could and should have been litigated in the interpleader suit, and therefore the doctrine of *res adjudicata* applied. In this he erred, for though the alleged counterclaim could have been filed by Boudreau in the interpleader suit, had he so desired, yet his

968

failure so to do, in light of the issues raised in the interpleader suit and the resulting judgment therein, and the character of the alleged counterclaim, did not however make available the plea of *res adjudicata* in the instant case. [15 R. C. L. sec. 451, p. 976; Crary v. Invest. Co., 313 Mo. 448, 285 S. W. 459, 1. c. 461.]

Section 1285, Revised Statutes of Missouri 1929 (Mo. St. Ann., sec. 1285, p. 1501), specifically provides that in any suit on an attachment bond any obligor may avail himself of any set-off or counterclaim he may have against the party to whose use the suit is brought and that, if said set-off or counterclaim shall exceed in amount the damages proved, judgment shall be rendered against the relator, and in favor of the defendant setting up the set-off or counterclaim for the amount of the excess and for all costs.

The rule that a party may not split his entire cause of action or defense does not apply to a set-off or counterclaim which may be pleaded or not at the defendant's election. [Summet v. City Realty & Brokerage Co., 208 Mo. 501, 106 S. W. 614; Dawson v. Quillen, 61 Mo. App. 672.]

The proof of the defendants' counterclaim would not have defeated plaintiff in the issue in the interpleader suit for the facts alleged in the counterclaim have no bearing on the question of plaintiff Smith's title or right to possession of the chattels at the time the attachment was effectuated. Had the counterclaim been pleaded in the interpleader suit and the evidence in support thereof believed by the jury, it would have resulted in a separate verdict for the defendant on his counterclaim and would not have been in defense of Smith's claim to title or right of possession of the chattels. The subject-matter of the counterclaim was, therefore, not involved in the determination of the issue of the former interpleader suit in such wise as that the judgment therein necessarily negatived the facts on which the defendant has to rely to establish his counterclaim, and the judgment in the interpleader suit is therefore not a bar to the defendant's counterclaim in the present action on the attachment bond.

As said in 34 C. J., sec. 1279, p. 867, "where separate causes of action accrued to the parties out of the same transaction or set of facts, cross-actions may be maintained and neither will bar the other, unless the facts necessary to authorize a recovery in one action are contrary to or inconsistent with those required to sustain a judgment in the other."

"While the failure of a defendant to allege and prove facts purely defensive to an issue on trial between him and the plaintiff renders such matters *res adjudicata* after judgment, and estops him from again presenting them (1 Van Fleet on Former Adjudication, sec. 198), yet, when defensive facts also constitute an affirmative cause

of action against the plaintiff, the defendant has the option to interpose them as a defense, or to reserve them for an independent or cross-action. If he refrains from presenting them as a defense, the judgment in the action against him does not bar nor adjudicate his affirmative cause of action upon them, and he is free subsequently to maintain it. [Virginia-Carolina Chemical Co. v. Kirvin, 215 N. S. 252, 257, 260, 30 Sup. Ct. 78, 54 L. Ed. 179; Brown v. First Nat. Bank of Newton, Kan., 132 Fed. 450, 452, 66 C. C. A. 293, 295; Id., 196 U. S. 641, 25 Sup. Ct. 796, 49 L. Ed. 631; Watkins v. Amer. Nat. Bank of Denver, 134 Fed. 36, 40, 67 C. C. A. 110, 114; Northwestern Port Huron Co. v. Babcock, 223 Fed. 479, 481, 482, 485, 486, 139 C. C. A. 27, 29, 30, 33, 34.]'' [Pierce v. National Bank of Commerce, 268 Fed. 487, 1. c. 496.]

It follows that the trial court erred in sustaining plaintiff's plea of *res adjudicata* and striking out defendants' counterclaim. The judgment should be reversed and the cause remanded. It is so ordered. *McCullen, J.,* concurs; *Hostetter, P. J.,* not sitting.