LEE, Respondent, v. SIOUX FALLS MOTOR CO., A CORP-
ORATION, Appellant.

(274 N. W. 614)

(File No. 8017.   Opinion filed July 29, 1937)

· *Danforth & Davenport*, of Sioux Falls, for Appellant.
*John C. Mundt*, of Sioux Falls, for Respondent.

ROBERTS, J.   Respondent commenced this action against the appellant to recover damages for alleged misrepresentations as to the condition of a truck purchased by him from the appellant company.   Respondent recovered a verdict against the appellant in the sum of $135 and subsequently judgment was entered thereon which with costs amounted to $181.95.   On February 25, 1935, Homer L. Caplan recovered a judgment against respondent, Lee, in the sum of $201.50.   On June 7, 1935, and immediately after the rendition of the verdict in the instant case, appellant procured an assignment of the judgment from Homer L. Caplan and thereupon applied for and obtained an order on respondent to show cause why the judgment assigned to the appellant should not be set off pro tanto against the judgment in favor of the respondent and against the appellant.   The application for the order was supported by an affidavit setting forth that a verdict having been duly rendered respondent was entitled to a judgment thereon; that respondent delivered to the appellant a note secured by a chattel mortgage on the truck sold to the respondent and involved in this action; that appellant transferred the note and mortgage to Homer L. Caplan who recovered a deficiency judgment against the respondent; that on December 6, 1934, appellant as guarantor made payment in full to Homer L. Caplan of the amount of the note and mortgage and acquired possession of the truck; and that appellant being the equitable owner of the judgment, the said Homer L. Caplan upon demand made an assignment thereof.

After service of the order to show cause upon the attorney for respondent, but upon the same day, June 8, 1935, a judgment was entered upon the verdict and respondent's attorney served and filed notice of attorney's lien. The court, after hearing upon the order to show cause, dismissed the proceedings on the ground that at the time of the issuance of the order to show cause judgment had not been entered, and entered an order accordingly. It is from this order that the defendant appeals.

A set-off of judgments is authorized under section 2578, Rev. Code 1919. That section reads: "Mutual final judgments may be set off, pro tanto, the one against the other by the court, upon proper application and notice." A lien is given to attorneys for professional services upon the taking of statutory proceedings to perfect the same. Section 5266, Rev. Code 1919. The right to set off a judgment and the right to an attorney's lien are regarded as dormant until actively asserted, and hence the superiority of the lien or the set-off is secured by the party first asserting and proceeding to secure his right. Pirie v. Harkness, 3 S. D. 178, 52 N. W. 581; Hroch v. Aultman & Taylor Co., 3 S. D. 477, 54 N. W. 269, 271; Sweeney v. Bailey, 7 S. D. 404, 64 N. W. 188. In Hroch v. Aultman & Taylor Co., supra, this court said: "While the right of the attorney to a lien exists, and the right of the judgment debtor to set off mutual judgments exists, yet, to be made effective, they require the action of the parties; in the one case notice to be given of the claim of lien, and in the other an application to the courts to set off the judgments." But where judgments are rendered in the same action, the attorney's lien is subject to the right of set-off. Lindsay v. Pettigrew, 8 S. D. 244, 66 N. W. 321; Garrigan v. Huntimer, 21 S. D. 269, 111 N. W. 563.

The decision in Lindsay v. Pettigrew, supra, was based principally on the ground that an attorney's lien attaches only to the amount which is ultimately found to be due after the adjustment of equities between the parties to the action. In that case, Dunkin v. Vandenbergh, 1 Paige, 622, is referred to with approval, wherein the New York court said: "The question in all these cases is, what is equitable and just between the parties and the attorney or solicitor? Where different claims arise in the course of the same suit, or in relation to the same matter, it is undoubtedly equi-

table and just that these equities should be arranged between the parties without reference to the solicitor's or attorney's lien. His lien is only on the clear balance due to his client after all these equities are settled. But when other claims, arising out of different transactions and which could not have been a legal or equitable set-off in that suit, exist between the parties, the court ought not to divest the lien of the attorney or solicitor which has already attached on the amount recovered for the costs of that particular litigation." If equities subordinate an attorney's lien to the right of set-off where there are two judgments in the same action, we think that for the same reasons the right to set-off is superior where the judgments arise out of the same transaction. It is immaterial that one may be founded upon contract and the other upon a tort. See Longpre v. Schmele, 64 S. D. 70, 264 N. W. 201.

It is the claim of appellant that the judgments in the instant case and in the Caplan suit arose out of the same transaction and that this is not a case where the judgment debtor purchases another judgment arising out of a separate and distinct transaction for the purpose of a set-off; that appellant under its contract with Caplan paid the full amount of the indebtedness secured by the chattel mortgage on the truck and though the action was later instituted by Caplan and the judgment was nominally in favor of him, the appellant was the party beneficially interested in the judgment. The court being of the opinion that the motion was premature did not enter upon a consideration of the facts alleged. It is insisted here, as it was on the hearing in the court below, that by the terms of the statute, section 2578, above quoted, the right of set-off exists only in cases where judgments have been entered, and that appellant should have instituted a separate action to secure such relief. It is too apparent to require discussion that no right of set-off existed under this statute at the time appellant applied for the order to show cause for the reason that respondent's claim against the appellant consisted in a verdict only; there can be no right of set-off of judgments under this section until both exist. The doctrine of set-off is of equitable origin, and in an ordinary civil action instituted for the purpose where there are grounds for the exercise of equitable jurisdiction, the

right of set-off is not limited to demands which have been reduced to judgments. Gay v. Gay, 10 Paige (N.Y.) 369; Pignolet v. Geer, 19 Abb. Prac. 264, 24 N. Y. Super. Ct. 626; Marshall v. Cooper, 43 Md. 46; Whitehead v. Jessup, 7 Colo. App. 460, 43 P. 1042. The primary object of section 2578 is to authorize the court on application and notice to set off pro tanto mutual judgments without the formality of an action. The right to proceed summarily had not accrued when appellant obtained the order to show cause. When the motion was argued and submitted to the court for decision, no reason appears why the rights of the parties should not have been determined upon the facts as presented by the record at that time. It would be an anomaly to hold that under these circumstances appellant would be required to make another application to secure a determination of its rights to set-off.

It appears from affidavits submitted by respondent that an assignment has been made of the judgment. It can make no difference that an assignment has been made if the right of set-off existed at the time of the assignment. Section 2307, Rev. Code 1919, is as follows: "In case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense existing at the time of, or before notice of, the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange, transferred in good faith, and upon good consideration, before due." A thing in action is defined by section 471, Rev. Code 1919, as a right to recover money or other personal property by a judicial proceeding. An unsatisfied judgment is such a right, and an assignee stands precisely in the situation as regards the right of set-off as the assignor at the time of the assignment unless possibly equities may arise in favor of an assignee by failure promptly to assert the right of set-off.

For reasons stated, the order appealed from must be reversed, and neither party being precluded upon the facts, the cause is remanded to the court below for further proceedings not inconsistent with this opinion.

All the Judges concur.